■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY WILLIAMS, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered July 16, 1987, which convicted defendant, after nonjury trial, of robbery in the second degree and sentenced him, as a predicate violent felon, to an indeterminate term of imprisonment of from 4 to 8 years, unanimously affirmed.

On July 18, 1985, at about 4:00 A.M., Mamie Jackson was making a telephone call from a booth on the corner of 149th Street and Seventh Avenue, and observed the defendant, Roger Reid and Erick Richardson walking toward her from 147th Street. When the men reached Ms. Jackson, Reid put his arm around her neck and pointed a gun at her head, while

defendant demanded that she release her purse, which he then took. As the three men ran from the scene, Ms. Jackson followed them to a building on West 149th Street, and reported this to the police along with a description of her assailants. The police arrested all three in the building, and recovered her purse and a loaded .38 caliber revolver. Ms. Jackson identified the defendant, Reid and Richardson in front of the building as the robbers less than one hour after the robbery.

After a *Wade* hearing was held, the prosecutor and the attorneys for defendant and his two codefendants stipulated that the People's case would consist of the *Wade* hearing and Grand Jury minutes (which established the aforestated facts), and a photograph of the crime scene. Defendant and Reid were given the opportunity to present evidence, but rested "on the record." The prosecutor stipulated to alibi testimony on behalf of Richardson. After reviewing the stipulated evidence, the court acquitted Richardson of all charges; defendant and Reid were acquitted of robbery in the first degree, but convicted of robbery in the second degree.

Defendant's arguments on appeal that the Grand Jury and *Wade* minutes were improperly admitted into evidence and denied him his right to confront and cross-examine witnesses are not preserved, based upon his attorney's stipulation in open court, as well as defendant's failure to move vis-à-vis the stipulation prior to the imposition of sentence (CPL 470.05 [2]; *People v Mills*, 103 AD2d 379, 388). In any event, even if the issues had been preserved, we would find them without merit based on the rationale of *People v Mills (supra)*, which approved a procedure wherein a bench trial was conducted on the basis of stipulated incriminating testimony and facts.

Defendant's claim that he was denied his right to the effective assistance of counsel has not been established.

The standard for review of a claim of ineffective assistance of counsel is that "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement [of effective assistance of counsel] will have been met" *(People v Baldi*, 54 NY2d 137, 147). Under this standard, the defendant received meaningful representation under the circumstances of this case. Defendant's mere second guessing of counsel's tactical choice of the type of nonjury procedure employed here does not rise to the level of "ineffective assis-

tance of counsel". Defense counsel was fully apprised of the strength of the People's case after the *Wade* hearing was conducted, and we note that a full trial would have included the highly incriminating testimony of one Nancy Arce, the substance of which we need not set forth herein. It is notable that the unusual procedure resulted in a full acquittal for Richardson and defendant and Reid's acquittal of robbery in the first degree which surely would have been warranted under the facts. Finally, defendant received the *minimum* permissible sentence as a second violent felony offender (Penal Law § 70.04 [3] [b]) which must be viewed as a particularly favorable result in view of his extensive record including, in addition to the prior felony, approximately 44 prior misdemeanor convictions. Concur—Kupferman, J. P., Carro, Milonas, Kassal and Ellerin, JJ.