THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RAY WHITEN, Also Known as JAMES RAY WHITTEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered December 9, 1987, convicting him of robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove beyond a reasonable doubt that his confession was voluntary is without merit. In the present case, the issue of whether the defendant's statement was voluntary was essentially a question of credibility. While the defendant testified that the police

indirectly promised not to arrest his girlfriend if he confessed, the police officers testified that the defendant confessed shortly after he was confronted with the statement of a witness which conflicted with his own account of the events. Further, in view of the verdict it is clear that the jury found the police officers to be more credible than the defendant. Thus, since great deference is given to the finding of the jury as to the voluntariness of a statement where supported by the record (see, People v Yukl, 25 NY2d 585, cert denied 400 US 851) and since confronting a defendant with statements of witnesses which conflict with his own version of the events does not render a defendant's statement involuntary (see, People v Glasper, 160 AD2d 723), we find that the People proved beyond a reasonable doubt that the defendant's statement was voluntary. We also note that although the defendant claims that he was denied food, drink, sleep, and bathroom visits while waiting to be interviewed by the police and during his interviews, there was no evidence that the defendant requested any of these items.

We also reject the defendant's contention that he was deprived of the effective assistance of counsel. Viewing the defense counsel's performance in its entirety we conclude that the defendant was afforded meaningful representation (see, People v Rivera, 71 NY2d 705).

The defendant's remaining contentions are unpreserved for appellate review. Sullivan, J. P., Harwood, Ritter and Copertino, JJ., concur.