■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY McCABE, Appellant. [655 NYS2d 60] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered February 27, 1995, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the court improperly charged the jury on the defense of justification only under the theory of "deadly physical force", when it should also have charged under the theory of "physical force". Since the defendant did not object to the language used by the court in its charge, he failed to preserve this issue for appellate review (see, CPL

470.05 [2]; *People v Buckley,* 75 NY2d 843, 846; *People v Gurganious,* 214 AD2d 681; *People v Udzinski,* 146 AD2d 245, 249). In any event, the claim is without merit. The defendant here repeatedly struck the complainant on the head, ribs, and arms with a tire iron, fracturing his skull, among other injuries. Viewing the evidence in the light most favorable to the defendant, as is required when determining whether the charge to the jury was adequate (*see, People v Padgett,* 60 NY2d 142, 144-145; *People v Watts,* 57 NY2d 299, 301), the defendant's actions can only be considered to constitute deadly physical force (*see,* Penal Law § 10.00 [11]; *see also, People v Magliato,* 68 NY2d 24, 29; *People v Samuels,* 198 AD2d 384). Under the circumstances of this case, we find that the court's charge was proper.

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.