■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARIM DUVALL, Appellant. [688 NYS2d 142] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered February 27, 1996, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, and judgment, same court and Justice, rendered

March 7, 1996, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, and sentencing him, as a second felony offender, to a concurrent term of 5 to 10 years, unanimously affirmed.

The court properly admitted defendant's statements regarding his attempt, on the day before the crime, and at the same location, to recruit another person to aid him in the robbery of elderly men. As argued by the People in the trial court, these statements were relevant to defendant's intent, including his specific plan to commit the crime at bar (*see, People v Johnson*, 226 AD2d 292, *lv denied* 88 NY2d 967), provided background information to complete the narrative of events (*see, People v Edmonds*, 223 AD2d 455, *lv denied* 88 NY2d 984), and were inextricably interwoven with the charged crime (*see, People v Ortiz*, 238 AD2d 213, *lv denied* 90 NY2d 862). The trial court properly determined that the probative value of such evidence outweighed its potential for prejudice.

The court properly exercised its discretion in denying a mistrial following testimony, elicited by defendant on cross-examination, that, upon the arresting officer's approach, defendant asked whether he was a parole officer since the court struck the response from the record and provided a curative instruction, which the jury is presumed to have followed (*see, People v Davis*, 58 NY2d 1102).

The record does not establish that any prejudice resulted from the prosecutor's pointing at defendant during the prosecutor's summation. Defendant's belated motion for a mistrial at the conclusion of summations was insufficient to preserve his remaining claims of prosecutorial misconduct during summation (*see, People v Molina*, 242 AD2d 453, *lv denied* 91 NY2d 895), and we decline to review them in the interest of justice. Were we to review them, we would find that the challenged portions of the prosecutor's summation were responsive to defense counsel's summation and were fair comments on the evidence adduced at trial (*see, People v Galloway*, 54 NY2d 396).

The hypothetical example provided by the court in its circumstantial evidence charge was not strikingly similar to the facts of the instant case (*see, People v Wise*, 204 AD2d 133, *lv denied* 83 NY2d 973). The identification charge, viewed as a whole, conveyed the proper legal principles (*see, People v West*, 159 AD2d 378, *lv denied* 76 NY2d 744).

We have considered defendant's other contentions and find them to be unavailing. Concur—Rosenberger, J. P., Nardelli, Williams and Andrias, JJ.