■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO BROWN, Appellant. [736 NYS2d 30] —Judgment, Supreme Court, New York County (Joan Sudolnik, J., at hearing; Bonnie Wittner, J., at jury trial), rendered May 20, 1999, convicting defendant of manslaughter in the first degree and criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 12½ to 25 years, 7½ to 15 years and 3½ to 7 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant's suppression claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that there was no evidence that defendant was intoxicated to a level that would affect the voluntariness of his statements (*see, People v Adams*, 26 NY2d 129, 137, *cert denied* 399 US 931), and that defendant's claim that he was entitled to have his *Miranda* rights reread to him is moot because the People did not introduce his later statements at trial.

Defendant is foreclosed from challenging the court's failure to charge criminally negligent homicide because the court charged second-degree manslaughter, the next lesser included offense to first-degree manslaughter, and the jury nevertheless convicted him of the first-degree charge (*see, People v Boettcher*, 69 NY2d 174, 180; *People v Richette*, 33 NY2d 42, 45-46). The court properly refused to charge justification because the evidence, when viewed in the light most favorable to defendant, established that defendant had no reason to believe that anyone other than himself was using deadly physical force, and that defendant had the ability to retreat with complete safety to himself and others (*see, People v Russell*, 91 NY2d

280, 290). The court properly refused to charge temporary lawful possession of a weapon because there was no evidence that defendant, who did not claim to have acquired the weapon by disarming anyone, intended to dispose of it in a lawful manner (*see, People v Almodovar,* 62 NY2d 126, 130). The court properly instructed the jury on the order in which to consider the counts charged (*see, People v Helliger,* 96 NY2d 462).

We perceive no basis for reduction of sentence. Concur—Nardelli, J.P., Williams, Saxe, Wallach and Friedman, JJ.