■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD G. BAXTER, Appellant. [749 NYS2d 812] —Appeal from a judgment of Ontario County Court (Doran, J.), entered August 7, 2001, convicting defendant after a jury trial of felony driving while intoxicated.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]). Defendant contends that County Court erred in refusing to permit defense counsel to cross-examine three police officers at trial with respect to the requisite level of intoxication to support a charge of driving while intoxicated as opposed to a charge of driving while ability impaired. Contrary to defendant's contention, one of the police officers testified on cross-examination that those charges are differentiated by the blood alcohol content of the driver. He further testified that all drivers suspected of intoxication are arrested for driving while intoxicated, and the charge is subsequently reduced to driving while ability impaired if their blood alcohol content is found to be lower than that required for a driving while intoxicated charge. Thus, defendant was permitted to elicit that testimony on cross-examination. Defendant further contends that the court erred in failing to give a consciousness of guilt charge. We conclude that the court sufficiently instructed the jury with respect to consciousness of guilt by instructing the jury concerning the evidence required to convict defendant and stating that defendant's refusal to submit to the sobriety test by itself is insufficient to convict defendant. Finally, the court properly allowed the prosecutor to cross-examine defendant concerning his disbarment from the practice of law. "It is well established that a defendant who testifies may be cross-examined concerning any immoral * * * acts which have a bearing on his credibility as a witness" (*People v Kass,* 25 NY2d 123, 125). Defendant's remaining contention is not preserved

for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Present—Pigott, Jr., P.J., Hayes, Burns and Lawton, JJ.