■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGILIO SANCHEZ, Also Known as VICTOR PEREZ, Appellant. [817 NYS2d 842]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 17, 2004. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, burglary in the first degree, robbery in the second degree and burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, robbery in the first degree

(Penal Law § 160.15 [4]) and burglary in the first degree (§ 140.30 [4]). Defendant failed to preserve for our review his contention that the accomplice testimony was not sufficiently corroborated and that the conviction therefore is not supported by legally sufficient evidence (*see People v Adams*, 278 AD2d 920, 922 [2000], *lv denied* 96 NY2d 825 [2001]). In any event, that contention is without merit. According to the evidence presented by the People at trial, there were two accomplices, one male and one female. The male accomplice testified that he and defendant entered a home from which they stole property while the female accomplice waited in her vehicle nearby, and the male accomplice and defendant then left the home carrying a laundry basket. A witness who lived in the vicinity of the home at issue observed two men walking quickly down the street, carrying a laundry basket, and the witness identified one of the men as defendant. The testimony of that witness was sufficient to corroborate the testimony of the accomplices (*see People v Breland*, 83 NY2d 286, 293-294 [1994]; *People v Swift*, 241 AD2d 949 [1997], *lv denied* 91 NY2d 881, 1013 [1997]). Contrary to the further contentions of defendant, County Court did not err in imposing consecutive terms of imprisonment (*see People v Yong Yun Lee*, 92 NY2d 987, 989 [1998]; *People v Pearce*, 283 AD2d 1007 [2001], *lv denied* 96 NY2d 923 [2001]), and the sentence is not unduly harsh or severe. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.