THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN DIAZ, Appellant. [834 NYS2d 418]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered December 1, 2003. The judgment convicted defendant, upon a jury verdict, of attempted robbery in the first degree (two counts) and assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]) and two counts of attempted robbery in the first degree (§§ 110.00, 160.15 [1], [3]). We agree with defendant that Supreme Court erred in charging the defense of justification for the use of deadly physical force inasmuch as there is no reasonable view of the evidence that defendant was justified in using such force during his confrontation with the victim (*see generally* § 35.05 [2]; *People v Reynoso*, 73 NY2d 816, 818 [1988]). We nevertheless conclude that the error is harmless. Because justification is a defense, the burden remained on the People despite the court's charge, and we thus conclude that defendant's reliance on cases in which reversal was required based on the error in charging affirmative defenses over the defendant's objection is misplaced (*see People v Bradley*, 88 NY2d 901 [1996]; *People v DeGina*, 72 NY2d 768, 776 [1988]). Defendant's contention concerning the order in which the court charged the crimes and the justification defense is not preserved for our review (*see People v Folger*, 292 AD2d 841, 842 [2002], *lv denied* 98 NY2d 675 [2002]; *People v McCabe*, 237 AD2d 380 [1997], *lv denied* 90 NY2d 860 [1997]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Likewise unpreserved for our review is the contention of defendant that the court erred in failing to ask him whether he had agreed to the stipulation that the assault victim sustained a serious physical injury and, in any event, that contention lacks merit (*see People v Word*, 118 AD2d 823 [1986], *lv denied* 67 NY2d 1058 [1986]; *People v Mills*, 103 AD2d 379, 385-388 [1984]; *see also People v Williams*, 161 AD2d 295, 296 [1990]). Although there were inconsistencies in the testimony on the issue whether defendant or codefendant beat the victim with a wooden object, we cannot conclude that the jury failed to give the evidence the weight it should be accorded in convicting defendant of assault, either as a principal or an accomplice (*see People v Baker*, 30 AD3d 1102, 1102-1103 [2006], *lv denied* 7 NY3d 846 [2006]; *People v Rivers*, 17 AD3d 934, 936 [2005], *lv denied* 5 NY3d 768 [2005]; *see also People v*

*Seabrooks*, 289 AD2d 515 [2001], *lv denied* 98 NY2d 640 [2002]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We conclude that the sentence is not unduly harsh or severe, particularly in view of the severe and permanent injuries sustained by the victim. Finally, we have examined the contentions in defendant's pro se supplemental brief and conclude that they are lacking in merit. Present—Hurlbutt, J.P., Gorski, Smith, Fahey and Green, JJ.