■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL B. LAVALLEY, Appellant. [837 NYS2d 796]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered November 28, 2005. The judgment convicted defendant, upon a jury verdict, of felony driving while intoxicated (two counts), aggravated unlicensed operation of a motor vehicle in the first degree (two counts), criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the third degree (two counts) and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of various crimes arising from his unlawful operation of two motor vehicles, defendant contends that County Court's *Sandoval* ruling constitutes an abuse of discretion. We reject that contention. The court precluded cross-examination with respect to youthful offender adjudications and properly exercised its discretion in restricting cross-examination with respect to certain convictions (*see generally People v Nichols*, 302 AD2d 953 [2003], *lv denied* 99 NY2d 657 [2003]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction inasmuch as he failed to renew his motion to dismiss at the close of proof (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Adamus*, 31 AD3d 1210 [2006], *lv denied* 8 NY3d 843 [2007]). We reject the contention of defendant that he was denied due process of law based on various instances of alleged prosecutorial misconduct (*see People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984]). Defendant failed to preserve for our review his further contention that the court erred in failing to recuse itself (*see* CPL 470.05 [2]). We note that the discussion between the court and the prosecutor upon which defendant relies in support of his contention occurred outside the presence of the jury, and defendant has not shown that he was prejudiced as a result of that discussion. Finally, defendant was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Present—Gorski, J.P., Martoche, Centra, Lunn and Green, JJ.