■ The People of the State of New York, Respondent, v Dawan Brent-Pridgen, Appellant. [850 NYS2d 760]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered August 31, 2004. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, burglary in the first degree, and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [2]), burglary in the first degree (§ 140.30 [1]), and criminal possession of a weapon in the second degree (former § 265.03 [2]). County Court properly refused to charge the jury that a certain witness was an accomplice as a matter of law. It cannot be said that "the jury could reasonably reach no other conclusion" than that the witness was an accomplice (*People v Cobos*, 57 NY2d 798, 801 [1982]). Contrary to defendant's further contention, the court properly instructed the jury that the issue whether defendant's conduct indicated a

consciousness of guilt was for the jury's determination (*see People v Baxter*, 299 AD2d 845 [2002]). Defendant's request for a missing witness charge with respect to one of defendant's accomplices was untimely (*see generally People v Erts*, 73 NY2d 872, 874 [1988]) and, in any event, the court properly denied defendant's request because the People met their burden of establishing "that the witness [was] not under [their] 'control' such that he would not be expected to testify in [their] favor" (*People v Gonzalez*, 68 NY2d 424, 428 [1986]; *see People v Jean-Baptiste*, 37 AD3d 852 [2007]).

We further conclude that defendant was not deprived of a fair trial by prosecutorial misconduct. It does not appear on the record before us that the conduct of the prosecutor during his cross-examination of defendant was intended " 'merely to harass, annoy or humiliate' " defendant (*People v Stanard*, 42 NY2d 74, 83 [1977], *cert denied* 434 US 986 [1977], quoting *Alford v United States*, 282 US 687, 694 [1931]). Rather, it appears that the cross-examination was intended to place defendant " 'in his proper setting and put the weight of his testimony and his credibility to a test, without which a jury cannot fairly appraise [the facts]' " (*id.*, quoting *Alford*, 292 US at 692). Further, none of the prosecutor's comments during summation " 'caused such substantial prejudice to the defendant that he [was] denied due process of law' " (*People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984]).

Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, that contention is without merit, and we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Also contrary to the contention of defendant, he was not prejudiced by the court's refusal to exclude his inculpatory statement to the police inasmuch as the statement was not introduced in evidence (*see generally People v Brown*, 290 AD2d 276 [2002], *lv denied* 97 NY2d 727 [2002]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Centra, Fahey and Gorski, JJ.