■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK ALEXANDER, Appellant. [857 NYS2d 418]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered April 18, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [3]) and attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]). Defendant contends that his written statement to the police was involuntary and that County Court therefore erred in refusing to suppress it. We reject that contention. "The voluntariness of a confession is to be determined by examining the totality of the circumstances surrounding the confession" (*People v Coggins*, 234 AD2d 469, 470 [1996]; *see People v Scott*, 212 AD2d 1047 [1995], *affd* 86 NY2d 864 [1995]), and the length of the interrogation, without more, does not render a defendant's statement involuntary (*see People v Towndrow*, 236 AD2d 821, 822 [1997], *lv denied* 89 NY2d 1016 [1997]). Although the interrogation herein spanned approximately nine hours, the record establishes that there were several breaks in the interrogation during which defendant was left alone, and there is no indication that he sought to end the interrogation, or that he requested food or water, or to use the bathroom (*see People v*

*Whiten*, 183 AD2d 865, *lv denied* 81 NY2d 849 [1993]). The record further establishes that defendant was advised of his *Miranda* rights a second time and signed a written waiver immediately before signing the statement.

Also contrary to the contention of defendant, his statement was not rendered involuntary based on alleged police deception. According to defendant, the police misled him by informing him that he was the least culpable of the suspects and that he would be released if he cooperated but, according to the police, they did not inform defendant that he would be released. Even assuming, arguendo, that the police misled defendant, we conclude that such deception "did not create 'a substantial risk that the defendant might falsely incriminate himself' " (*People v Hamelinck*, 222 AD2d 1024, 1024 [1995], *lv denied* 87 NY2d 921 [1996]), nor can it be said that the alleged deception was " 'so fundamentally unfair as to deny [defendant] due process' " (*People v Brown*, 39 AD3d 886, 887 [2007], *lv denied* 9 NY3d 873 [2007], quoting *People v Tarsia*, 50 NY2d 1, 11 [1980]). We further conclude that the determination of the court to credit the testimony of the police officers that defendant did not invoke his right to counsel before signing the statement is entitled to deference (*see People v Prochilo*, 41 NY2d 759, 761 [1977]), and we see no basis to disturb that determination (*see People v Twillie*, 28 AD3d 1236, 1237 [2006], *lv denied* 7 NY3d 795 [2006]; *People v Price*, 309 AD2d 1259 [2003], *lv denied* 1 NY3d 578 [2003]).

Defendant failed to preserve for our review his contention that the conviction of attempted robbery and felony murder is not supported by legally sufficient evidence inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Wright*, 43 AD3d 1359, 1360 [2007], *lv denied* 9 NY3d 1011 [2007]; *People v LaValley*, 41 AD3d 1153, 1154 [2007], *lv denied* 9 NY3d 877 [2007]). In any event, that contention lacks merit. Contrary to defendant's contention, the People were not required to present evidence pursuant to CPL 60.50 corroborating defendant's statement concerning the underlying felony for the felony murder, i.e., the attempted robbery. "Without the underlying felony . . . , the defendant could still have committed a lesser homicide offense," and thus the rationale for requiring corroboration, which is to avoid the danger that a defendant confessed to a crime when no crime has actually been committed, no longer exists (*People v Chico*, 90 NY2d 585, 590 [1997]; *see generally People v Davis*, 46 NY2d 780, 781 [1978]). Viewing the evidence in the

light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), including defendant's written statement, eyewitness testimony, and the testimony of the firearms expert, we conclude that the evidence is legally sufficient to support the conviction of attempted robbery and felony murder (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject the contention of defendant that the verdict is against the weight of the evidence (*see generally id.*). "Issues with respect to 'the credibility of prosecution witnesses concerning the voluntariness of the confession were for the jury to decide, and there is no basis in the record to disturb the jury's resolution of those issues' " (*People v Warney*, 299 AD2d 956, 957 [2002], *lv denied* 99 NY2d 633 [2003]; *see People v Sanchez*, 267 AD2d 960 [1999], *lv denied* 94 NY2d 906 [2000]). Further, although there were inconsistencies between the written statement of defendant and his testimony at trial, we cannot conclude that the jury failed to give the evidence the weight it should be accorded in finding that defendant acted as an accomplice (*see generally Bleakley*, 69 NY2d at 495; *People v Diaz*, 39 AD3d 1244, 1245-1246 [2007], *lv denied* 9 NY3d 842 [2007]; *People v Chapman*, 30 AD3d 1000, 1001 [2006], *lv denied* 7 NY3d 811 [2006]).

Defendant further contends that he was deprived of a fair trial based on alleged misconduct by the prosecutor in cross-examining defendant's witnesses. Defendant's contention with respect to three of the allegedly improper questions is not preserved for our review inasmuch as defendant made only general objections to those questions (*see generally People v Pierre*, 300 AD2d 1070 [2002], *lv denied* 99 NY2d 631 [2003]), and we decline to exercise our power to review defendant's contention concerning those three questions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We conclude that the court properly denied defendant's request for a mistrial based on two other allegedly improper questions. The court sustained defendant's objections to those questions and gave curative instructions with respect to them, and "the jury is presumed to have followed" those curative instructions (*People v Duvall*, 260 AD2d 183, 184 [1999], *lv denied* 93 NY2d 924 [1999]; *see also People v Davis*, 58 NY2d 1102, 1103-1104 [1983]). The remaining allegedly improper questions concern the prosecutor's cross-examination of defendant, and "[i]t does not appear on the record before us that the conduct of the prosecutor during [that] cross-examination . . . was intended merely to harass, annoy or humiliate defendant . . . Rather, it appears that the cross-examination was intended to place defen-

dant in his proper setting and put the weight of his testimony and his credibility to a test, without which a jury cannot fairly appraise [the facts]" (*People v Brent-Pridgen*, 48 AD3d 1054, 1055 [internal quotation marks omitted]). Defendant failed to preserve for our review his further contention that he was deprived of a fair trial by prosecutorial misconduct during summation (*see People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]). In any event, "that . . . contention is without merit inasmuch as the prosecutor's comments were either a fair response to defense counsel's summation or were fair comment on the evidence" (*People v Green*, 48 AD3d 1245, 1245-1246 [2008]; *see People v Williams*, 43 AD3d 1336 [2007]; *see generally People v Halm*, 81 NY2d 819, 821 [1993]).

We reject the contention of defendant that he was penalized for exercising his right to trial. " '[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial' " (*People v Chappelle*, 14 AD3d 728, 729 [2005], *lv denied* 5 NY3d 786 [2005]; *see People v Griffin*, 48 AD3d 1233, 1237 [2008]; *People v Taplin*, 1 AD3d 1044, 1046 [2003], *lv denied* 1 NY3d 635 [2004]). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.