THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUBREY WINSLOW, JR., Appellant. [870 NYS2d 674]—

Memorandum: Defendant appeals from a judgment convicting

him, following a jury trial, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]) and conspiracy in the second degree (§ 105.15). Insofar as defendant contends that the verdict is repugnant, he failed to preserve that contention for our review inasmuch as he failed to object to the verdict before the jury was discharged (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Townsley*, 50 AD3d 1610, 1611 [2008], *lv denied* 11 NY3d 742 [2008]; *People v Hamilton*, 263 AD2d 966 [1999], *appeal dismissed* 94 NY2d 915 [2000]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant further contends that the conviction is not supported by legally sufficient evidence because the testimony of the accomplice was not sufficiently corroborated. Defendant failed to move for a trial order of dismissal on that ground and thus failed to preserve that contention for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Waldriff*, 46 AD3d 1448 [2007], *lv denied* 9 NY3d 1040 [2008]; *People v Sanchez*, 31 AD3d 1218 [2006], *lv denied* 7 NY3d 870 [2006]). In any event, that contention is without merit. The evidence that corroborated the testimony of the accomplice included the testimony of police officers who kept surveillance on the vehicle in which defendant was a passenger and in which the drugs were found; the receipt for the motel room where defendant and his codefendants, including the accomplice in question, spent the night after purchasing the drugs; and the tape-recorded telephone conversations between the drug supplier and a codefendant who was seated next to defendant.

Contrary to the further contention of defendant, County Court did not abuse its discretion in denying his request for a missing witness instruction. The People met their burden of establishing that the witness in question was not under their control by demonstrating that he would not be expected to testify in their favor (*see People v Brent-Pridgen*, 48 AD3d 1054, 1055 [2008], *lv denied* 10 NY3d 860 [2008]; *People v Jean-Baptiste*, 37 AD3d 852 [2007]; *see generally People v Savinon*, 100 NY2d 192, 197 [2003]; *People v Gonzalez*, 68 NY2d 424, 428-429 [1986]). Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Green, JJ.