■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAR EXUM, Appellant. [885 NYS2d 789]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered August 16, 2006. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (eight counts) and robbery in the second degree (four counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him upon a jury verdict of eight counts of robbery in the first degree (Penal Law § 160.15 [2], [4]) and four counts of robbery in the second degree (§ 160.10 [2] [b]), arising from the armed robbery of a restaurant and some of its occupants. Contrary to the contention of defendant, there was sufficient independent evidence to corroborate the testimony and statements of his alleged accomplices (*see* CPL 60.22 [1]; *see generally People v Besser*, 96 NY2d 136, 143-144 [2001]). The People established by the testimony of a witness who was not an accomplice that, shortly before the robbery occurred, defendant was in the company of the two men who committed it. The People further corroborated the accomplice testimony that defendant had ordered and picked up food at the restaurant in order to "case" the restaurant by presenting the testimony of a restaurant employee establishing that a person using defendant's first name ordered and picked up food approximately 30 minutes before the robbery was committed. Further, the testimony of the victims established that the robbers were armed with a handgun and a shotgun, respectively, and that defendant and the two robbers were passengers in the getaway vehicle, which was pulled over by the police immediately following the robbery. In addition, a police officer who responded to the alarm at the restaurant testified that he observed that a sawed-off shotgun was hanging by a cord around the neck of one of the robbers as the robber was removed from the getaway vehicle. We thus conclude that the People presented the requisite testimony that "tended to connect" defendant with the robbery (*Besser*, 96 NY2d at 141; *cf. People v Knightner*, 11 AD3d 1002, 1004 [2004], *lv denied* 4 NY3d 745 [2004]). Defendant failed to preserve for our review his contention that the verdict is repugnant (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Winslow*, 57 AD3d 1464 [2008], *lv denied* 12 NY3d 789 [2009]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see Winslow*, 57 AD3d 1464 [2008]). The further contention of defendant that he was denied due process based on the People's alleged failure to disclose that one of the accomplices has a youthful offender adjudication involves information outside the record on appeal and must therefore be raised by way of a CPL article 440 motion (*see generally People v Barnes*, 56 AD3d 1171, 1171-1172 [2008]). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.