# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1420**

**KA 11-00974**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MILTON HILL, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered April 27, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of one count of burglary in the first degree (Penal Law § 140.30 [1]). Defendant contends that Supreme Court erred in refusing to suppress his statement to the police because the statement was made in violation of his right to counsel. We reject that contention. "The testimony of defendant that he invoked his right to counsel before confessing presented a credibility issue that [the c]ourt was entitled to resolve in the People's favor" (*People v Price*, 309 AD2d 1259, 1259, *lv denied* 1 NY3d 578; *see People v McCooey*, 156 AD2d 927, 927, *lv denied* 75 NY2d 921). " 'The suppression court's credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record' " (*People v Twillie*, 28 AD3d 1236, 1237, *lv denied* 7 NY3d 795; *see People v Alexander*, 51 AD3d 1380, 1382, *lv denied* 11 NY3d 733). Here, the record supports the court's determination that defendant did not invoke his right to counsel before confessing to his involvement in the charged crime.

We reject defendant's further contention that his sentence is unduly harsh or severe. While defendant received a more severe sentence than that of his codefendants, we note that he was the one

who carried a gun and shot the victim.