■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE F. WILSON, Appellant. [683 NYS2d 301] —Crew III, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered October 14, 1997, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and sexual abuse in the second degree.

Defendant was indicted and charged with attempted rape in the first degree, rape in the second degree, sexual abuse in the first degree and sexual abuse in the second degree arising out of an incident that occurred between defendant and his stepdaughter on April 26, 1997. Following a jury trial, defendant was found guilty of sexual abuse in the first degree and sexual abuse in the second degree and was sentenced as a second felony offender to a determinate term of imprisonment of seven years for his conviction of sexual abuse in the first degree and a determinate jail term of one year for his conviction of sexual abuse in the second degree, said sentences to run concurrently. Defendant appeals.

Defendant initially asserts that his conviction was against the weight of the evidence by reason of the fact that there was no physical evidence to support the victim's claim that she had bitten him during the altercation, that the victim had not acted upset after the incident occurred and, finally, that the victim had not reported the incident for four days. Certainly those were factors for the jury to consider in assessing credibility. Having done so, however, it was within the province of the jury to accept or reject the conflicts in the evidence offered by the victim and defendant, the only two witnesses testifying at the

trial (*see, People v Babala,* 154 AD2d 727, 729, *lv denied* 75 NY2d 810). Contrary to defendant's assertion, the mere fact that the 11-year-old victim did not report the incident immediately or act upset in the hours and days that followed does not lead to the conclusion that her testimony was not worthy of belief. Simply stated, our review of the record does not reveal that the testimony of the victim was manifestly untrue, physically impossible or contrary to human experience, thereby prompting us to reject it as a matter of law (*see, People v Batista,* 235 AD2d 631, 632, *lv denied* 89 NY2d 1088).

Defendant further asserts that County Court erred in denying him a continuance to allow him to produce a hospitalized witness on his own behalf. We disagree. Whether a continuance should be granted to accommodate a witness is a matter left to the sound discretion of the trial court (*see, People v Calderon,* 185 AD2d 853, *lv denied* 80 NY2d 973). In order to justify such a continuance, the defendant must demonstrate that "the proof to be adduced from the missing witness would be material and favorable to the defense" (*People v Bond,* 239 AD2d 785, 786, *lv denied* 90 NY2d 891). Here, though given ample opportunity, defense counsel made only generalized statements that the proposed witness could offer observations of defendant and the victim's family dynamics. Such a statement falls far short of the required test of materiality.

Defendant also asserts that County Court improperly denied his request for a missing witness charge regarding the two police investigators who had questioned the victim. Again we disagree. The only purpose for which the People could have called such witnesses was to establish that the victim had given prior consistent statements, a wholly impermissible purpose (*see, People v McClean,* 69 NY2d 426, 428). Inasmuch as defendant failed to demonstrate that the missing witnesses possessed knowledge about a material issue and that such witnesses would be expected to testify favorably for the People (*see, People v Gonzalez,* 68 NY2d 424, 427), the court properly denied defendant's request. Indeed, it appears that defendant sought the testimony of the investigators in an attempt to discredit the victim's testimony, a purpose clearly not favorable to the People. As for defendant's arguments concerning alleged deficiencies in the charge and inappropriate comments by the prosecutor on summation, we note that these issues were not preserved by timely objection (*see,* CPL 470.05 [2]; *People v Miller,* 235 AD2d 568, 570) and do not warrant disturbing the judgment in the interest of justice. Defendant's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.