■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE D. BENSON, Also Known as DOUGLAS W. BENSON, Also Known as ABDUL RAHIM, Appellant. [690 NYS2d 143] —Yesawich Jr., J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered January 25, 1996, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree, sodomy in the third degree (three counts), rape in the third degree (two counts), promoting prostitution in the second degree (two counts) and endangering the welfare of a child.

After a jury trial, at which both victims testified in graphic detail as to their treatment by defendant, he was convicted as noted and sentenced as a second felony offender to an aggregate indeterminate term of imprisonment of 14½ to 29 years; defendant appeals.

Defendant's only contention is that his right to a fair trial was breached when County Court refused to grant an adjournment to enable him to locate a witness he intended to call to testify. Although a defendant has a fundamental right to call witnesses for his own defense (*see generally, People v Gabriel*, 241 AD2d 835, 838, *lv denied* 91 NY2d 892), the right to an adjournment for any purpose, rests within the sound discretion of the trial court (*see, People v Cable*, 63 NY2d 270, 283; *People v Singleton*, 41 NY2d 402, 405). To be entitled to the adjournment sought, it was incumbent upon defendant to demonstrate, among other things, that the witness would furnish testimony that is both material and favorable to the defense (*see, People v Foy*, 32 NY2d 473, 476; *People v Wilson*, 256 AD2d 637).

The record does not bear out defendant's contention that County Court acted improvidently. Not only was defendant afforded ample time to locate this witness, but more importantly, he failed to establish that the testimony he desired was even material to his defense. In an attempt to justify the need for this particular witness's testimony defendant's counsel, without elaborating, informed the court that the missing witness would "offer evidence as to some observations that she made with respect to one of the complainants and their conduct". While such testimony, in some abstruse manner, may be pertinent to the issue of the credibility of one witness, it provides no basis for an adjournment (*see, People v Singleton, supra*, at 406; *cf., People v Foy, supra*).

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.