■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. LOWIN, Appellant. [827 NYS2d 782]—

Rose, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered December 10, 2004, upon a verdict convicting defendant of the crimes of murder in the second degree, criminal possession of a weapon in the fourth degree (five counts), criminal possession of stolen property in the fourth degree (three counts), tampering with physical evidence and criminal possession of a hypodermic instrument.

Defendant was indicted and charged with murder in the second degree and other crimes in connection with a shooting that took place in front of a number of witnesses in his garage. Defendant shot the victim and then allegedly placed an ammunition clip in the victim's pocket and a handgun near the victim's body before calling 911. At the ensuing jury trial, defendant did not testify, but instead maintained through counsel that he shot the victim in self-defense. There was also evidence that the victim, defendant and most of the witnesses to the shooting were using methamphetamine or involved in its manufacture and sale. Following his convictions of, among other things, murder in the second degree, defendant was sentenced to an aggregate prison term of 26⅓ years to life. He appeals, and we affirm.

Initially, defendant contends that the statements he made during a second interview with police should have been suppressed because the police failed to repeat the *Miranda* warnings which admittedly had been administered before his first interview. We disagree. " '[W]here a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous' " (*People v Johnson*, 219 AD2d 776, 777 [1995], quoting *People v Glinsman*, 107 AD2d 710, 710 [1985], *lv denied* 64

NY2d 889 [1985], *cert denied* 472 US 1021 [1985]). Here, defendant was placed in custody and advised of his rights during an initial interview at 6:25 P.M. He was interviewed a second time approximately nine hours later and reminded that he had been previously advised of his rights. The time between interviews was not unreasonable given that the questioning of eyewitnesses was ongoing and defendant slept during the interim. Also, his statements during the second interview show that he was aware of his rights and the continuity of interrogation. Thus, we find defendant's later statements to be sufficiently close in time to the *Miranda* warnings so that their use did not violate his right to remain silent (*see People v Cody*, 260 AD2d 718, 719-720 [1999], *lv denied* 93 NY2d 1002 [1999]; *People v Baker*, 208 AD2d 758, 758 [1994], *lv denied* 85 NY2d 905 [1995]; *People v Crosby*, 91 AD2d 20, 29 [1983], *lv denied* 59 NY2d 765 [1983]).

Nor can we agree with defendant's assertion that he exercised his right to remain silent during the second interview. That right requires a defendant to be unequivocal and unqualified when invoking it (*see People v Logan*, 19 AD3d 939, 941 [2005], *lv denied* 5 NY3d 830 [2005]; *People v Powell*, 13 AD3d 975, 976 [2004], *lv denied* 4 NY3d 889 [2005]). Here, after a police investigator disputed defendant's version of the events, he responded, "Then I'm done talking, okay, because that's what happened." When considered in context, this statement merely reflected defendant's unwillingness to change his story and we are unpersuaded that his subsequent statements should have been suppressed (*see People v Jones*, 258 AD2d 261, 261 [1999], *lv denied* 93 NY2d 926 [1999]; *People v Morton*, 231 AD2d 927, 928 [1996], *lv denied* 89 NY2d 944 [1997]).

Next, defendant contends that the People's witnesses lacked the ability to perceive and recall events because they were under the influence of methamphetamine when they made statements to the police about the shooting. He also questions the witnesses' credibility because they were influenced by threats and intimidation from the victim's friends. As a result, he argues, the People failed to disprove his justification defense through the testimony of those witnesses and, thus, his conviction for second degree murder is unsupported by the evidence. This argument is dependent upon defendant's position that he shot the victim only because he reasonably believed that the victim was threatening him with death or serious physical injury and that deadly physical force was necessary to prevent such harm (*see* Penal Law § 35.15 [2] [a]). However, the People presented evidence that the victim had been unarmed when he entered

the garage and made no threatening motion against defendant, and that defendant shot him once in the chest and then, as he collapsed, again in the head. It was for the jury to assess the credibility of the People's witnesses and determine whether their trial testimony was influenced by alleged drug use or intimidation (*see People v Young*, 240 AD2d 974, 976 [1997], *lv denied* 90 NY2d 1015 [1997]). Inasmuch as the jury found this evidence to be credible, we have no difficulty concluding that, when viewed in a light most favorable to the People, it was legally sufficient to disprove the justification defense beyond a reasonable doubt and, when viewed in a neutral light, it was given the weight it should be accorded (*see People v Strasser*, 249 AD2d 781, 784 [1998], *lv denied* 91 NY2d 1013 [1998]; *People v Young, supra* at 975-976; *People v Boyd*, 222 AD2d 314, 314-315 [1995], *lv denied* 87 NY2d 970 [1996]).

Defendant's claim that his trial counsel was ineffective is also without merit. The record reflects that counsel made extensive motions, thoroughly cross-examined the People's witnesses as to their ability to perceive and recall events while using methamphetamine, and impeached them with inconsistent statements and potential bias in favor of the victim. Although faced with several damaging eyewitness accounts, as well as the prospect that defendant's criminal history and prior inconsistent statements would be revealed if he testified, counsel pursued a viable trial strategy that allowed defendant to avoid testifying while still claiming self-defense. Contrary to defendant's contentions, counsel could have reasonably concluded that an extreme emotional disturbance defense could not be sustained, that objecting to the People's summation would suggest weakness in the defense and that persistence in seeking a finding that, as a matter of law, the People's witnesses were accomplices would be futile. As defendant failed to show the absence of a strategic or other legitimate explanation for counsel's conduct, we conclude that he was not denied the effective assistance of counsel (*see People v Taylor*, 1 NY3d 174, 176 [2003]; *People v Rivera*, 71 NY2d 705, 708-709 [1988]; *People v Pray*, 199 AD2d 646, 647 [1993], *lv denied* 83 NY2d 809 [1994]).

We have reviewed each of defendant's remaining contentions and find them to be similarly lacking in merit.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.