■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RICHARD A. CARELLI, Appellant. [838 NYS2d 708]—

Peters, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered November 10, 2004, upon a verdict convicting defendant of the crimes of robbery in the third degree and grand larceny in the fourth degree.

Defendant was indicted on one count of robbery in the second degree and one count of grand larceny in the fourth degree for having forcibly stolen $405 from the victim. According to the victim, he cashed a $405 check at a bank in the City of Hudson, Columbia County, and placed the cash in his shirt pocket. While returning home through an alleyway, he encountered defendant, wearing a blue coat and a knit cap, who asked him for money. The victim, who recognized defendant from a local pizzeria, refused his request. According to the victim, defendant then grabbed him by the neck, knocked him down and pushed a shiny object with a pearl handle and chrome barrel into the corner of his neck, took his money and checkbook and ran down the alley. The victim signed a statement at the police station describing the events, but failed to mention the weapon. Thereafter, he identified an individual thought to be his assailant in a photo array, but it was not defendant.

Thirty days after the robbery, defendant was detained on an unrelated matter. Advised of his *Miranda* rights by one police officer, he was questioned about the robbery by another. Although he refused to sign a written statement or provide a recorded statement, he admitted to following the victim, asking him for money and taking $200 from his shirt pocket. However, he denied that he had a gun or that he forcibly took the money from the victim.

At pretrial hearings, County Court determined that defendant's statements were voluntary and should be admitted. The People stipulated to the suppression of all identification procedures. After a jury trial, defendant was found not guilty of robbery in the second degree, but guilty of the lesser included offense of robbery in the third degree and the charged crime of grand larceny in the fourth degree. He was sentenced to concur-

rent prison terms of 2¹/₃ to 7 years for the third degree robbery conviction and 1¹/₃ to 4 years for the fourth degree grand larceny conviction. He appeals and we affirm.

Defendant contends that his confession should have been suppressed because he was under the influence of drugs at the time that he waived his rights and because it was made to a second police officer who did not provide him with his *Miranda* warnings. Viewing the totality of the circumstances and deferring to County Court's credibility determinations, we find no error (*see People v Adams*, 31 AD3d 1063, 1065 [2006], *lv denied* 7 NY3d 845 [2006]). When a defendant is in continuous custody and not subjected to coercive tactics, delays between the provision of *Miranda* warnings and later questioning will not necessarily make a defendant's statements involuntary unless the delay is excessive (*see People v Gause*, 38 AD3d 999, 1000 [2007]; *People v Lowin*, 36 AD3d 1153, 1154-1155 [2007]). As delays of as much as 11 hours between *Miranda* warnings and subsequent questioning have been countenanced (*see People v Gause, supra* at 999-1000; *People v Lowin, supra* at 1154-1155), we find no error here where the delay was less than five hours. Since defendant's challenge to the effectiveness of his counsel was predicated solely upon a failure to research the need for a re-administration of *Miranda* warnings, we find no deficiency in counsel's performance (*see Strickland v Washington*, 466 US 668, 687 [1984]; *People v Powers* 262 AD2d 713, 716 [1999], *lv denied* 93 NY2d 1005 [1999]).

As to defendant's contention that his self-induced drugged state precluded a waiver, we note that such state will not necessarily relegate a confession inadmissible if it is found to be reliable (*see People v Schompert*, 19 NY2d 300, 304 [1967], *cert denied* 389 US 874 [1967]). Here, the record reflects that defendant's admission was made in a coherent manner, describing a series of events that comported with eyewitness testimony. As it was further consistent with an admission that defendant later made to an acquaintance, we find it reliable and properly admitted.

Lastly, reviewing defendant's challenge to his sentence as harsh and excessive, we find neither an abuse of discretion nor extraordinary circumstances warranting a reduction (*see People v Bertsch*, 31 AD3d 961, 962 [2006]).

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.