■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENDA L. HARTMAN, Appellant. [883 NYS2d 361]—

Garry, J. Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered August 8, 2008, upon a verdict convicting defendant of the crimes of manslaughter in the first degree, assault in the first degree and criminal possession of a weapon in the third degree.

In December 2007, defendant summoned emergency services to her home in the Town of Sullivan, Madison County. The responding paramedics found the victim, defendant's live-in paramour, with a wound in his back. A paramedic found a butcher knife with blood on the blade near the victim and turned it over to the police. Defendant initially stated that the victim had fallen and injured himself, but later admitted that she had "stuck" or "poked" the knife into the victim's back in the course of an altercation, after he had called her names and thrown medicated foot powder in her face. The victim subsequently died.

In January 2008, defendant was indicted for manslaughter in the first degree, manslaughter in the second degree, criminally negligent homicide, assault in the first degree and criminal possession of a weapon in the third degree. On the last business day before defendant's jury trial in June 2008, her counsel filed

a notice of intent to offer the defense of mental disease or defect based on a psychiatric evaluation by a medical expert and moved for an adjournment based on that expert's unavailability during the trial. County Court allowed the late filing of the notice but denied the adjournment. During the trial, defendant conceded that she inflicted the knife wound that caused the victim's death, but argued that she did not intend to kill or injure him. She was convicted of manslaughter in the first degree, assault in the first degree, and criminal possession of a weapon in the third degree, and sentenced to a total of 20 years in prison with five years of postrelease supervision. Defendant now appeals.

Contrary to defendant's contention, the evidence was legally sufficient to support her manslaughter conviction by establishing that she acted "[w]ith intent to cause serious physical injury to another person" and thereby "cause[d] the death of such person" (Penal Law § 125.20 [1]; see § 10.00 [9], [10]). "Intent [to cause serious physical injury] may be inferred from conduct as well as the surrounding circumstances" (*People v Steinberg*, 79 NY2d 673, 682 [1992] [citation omitted]). Viewed in the light most favorable to the People, defendant's admission that she inflicted the victim's knife wound, together with the medical and forensic evidence as to the wound's depth and trajectory, provided "a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion" that she intended to cause serious physical injury (*People v Hall*, 57 AD3d 1222, 1225 [2008], *lv denied* 12 NY3d 817 [2009]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Marzug*, 280 AD2d 974, 974 [2001], *lv denied* 96 NY2d 904 [2001]).

Next, defendant argues that County Court erred in denying her motion to adjourn the trial because of the unavailability of her psychiatric expert witness. She contends that the expert's testimony with regard to battered person syndrome was necessary to establish a justification defense.

Generally, "[t]he granting of an adjournment is a matter left to the discretion of the trial court" (*People v Alpern*, 217 AD2d 853, 855 [1995], *lv denied* 87 NY2d 897 [1995]; *see People v Singleton*, 41 NY2d 402, 405 [1977]; *People v Mao-Sheng Lin*, 50 AD3d 1251, 1253 [2008], *lv denied* 10 NY3d 961 [2008]). In seeking an adjournment based on the unavailability of a witness, the proponent is ordinarily required to show that due diligence was exercised in attempting to secure the witness's testimony, that the testimony would be material and favorable to the party seeking it, and that the witness will be available at a later date (*see People v Foy*, 32 NY2d 473, 476 [1973]; *People v Soulia*, 263 AD2d 869, 873 [1999], *lv denied* 94 NY2d 829

[1999]; *People v Benson*, 260 AD2d 864, 865 [1999], *lv denied* 93 NY2d 966 [1999]). The court's discretion with regard to adjournments is construed more narrowly, however, when the adjournment implicates a fundamental right (*see People v Foy*, 32 NY2d at 476-477; *see also People v Spears*, 64 NY2d 698, 699-700 [1984]). When an adjournment is sought to permit a defendant to obtain the testimony of a material witness, a short adjournment may be allowed, particularly in circumstances where denial of the adjournment may deprive the defendant of the opportunity of presenting a valid defense (*see People v Foy*, 32 NY2d at 478).

Defense counsel moved for an adjournment by letter on Thursday, June 5, 2008 and argued the motion in a hearing held on Friday, June 6, 2008. Defendant's jury trial was scheduled to begin on the following Monday. Defense counsel explained the delay in making the request by stating that, when she initially asked the psychiatric expert to evaluate defendant, the trial was scheduled to take place in September 2008, and she expected to have several months in which to obtain and review the expert's findings. At a pretrial conference conducted on April 22, 2008, however, the parties were advised that the anticipated trial date had been moved up to June 2008. Upon learning of the new trial date, defense counsel allegedly asked the psychiatric expert to expedite the evaluation. The expert furnished his report to defense counsel on or about May 20, 2008. Defense counsel advised that while she was not certain following her initial review of the report that it would support a justification defense, she obtained additional pertinent information in the following two weeks. Therefore, although she furnished the expert's report to the People shortly after she received it for potential use in mitigation of sentence, she did not advise the People of any intention to present the expert's testimony at trial, nor did she advise the People or County Court of this potential at a conference held on or about May 24, 2008. Defense counsel advised the court that the expert's schedule did not permit him to testify on the dates scheduled for defendant's trial.

After hearing argument, County Court denied the motion, finding that defense counsel had not shown "good cause" for an adjournment. In effect, the court determined that defense counsel did not show "sufficient indicia of good faith and diligence" in securing the expert's testimony (*People v Ryan*, 229 AD2d 623, 625 [1996], *affd* 90 NY2d 822 [1997]). The record does not indicate that defense counsel ever advised the court when the expert would be available to testify or how long the

requested adjournment would be (*see People v Wright*, 192 AD2d 875, 876 [1993], *lv denied* 82 NY2d 809 [1993]; *People v Danaher*, 115 AD2d 905, 906-907 [1985]). Nor was it improper for the court to take the last minute nature of the application into account (*see People v Stokes*, 25 AD3d 332, 333 [2006], *lv denied* 6 NY3d 839 [2006]). However, it appears that defense counsel did exercise diligence and good faith in attempting to expedite the expert's evaluation once she learned that the trial date had been advanced from September to June 2008, unexpectedly limiting the time available for obtaining and evaluating the expert's findings. It should also be noted that defendant herself was in no way responsible for the unavailability of the witness or the delay in informing the court (*compare People v Singleton*, 41 NY2d at 406). Under these circumstances, denial of the request for an adjournment had the disproportionate effect of punishing defendant for her counsel's dereliction by depriving her of a defense.

Further, County Court made no determination as to whether the expert's testimony would have been material and favorable to defendant (*see People v Foy*, 32 NY2d at 476; *People v Benson*, 260 AD2d at 865; *People v Wilson*, 256 AD2d 637, 638 [1998]). Defense counsel argued that the testimony was material in that defendant could not establish a justification defense without the expert's testimony on battered person syndrome and that, in addition, the expert's testimony would be helpful to the jury in understanding certain aspects of defendant's conduct. We have previously held that battered person syndrome, while not a defense in its own right, is "relevant in the context of self-defense" (*People v Wilcox*, 14 AD3d 941, 943 [2005], *lv denied* 4 NY3d 837 [2005]). Thus, the proposed testimony would arguably have been material and favorable to the defense. The record further indicates that the court may have misapprehended in part the standard applicable to a justification defense with regard to whether defendant had a duty to retreat in her own home (*see* Penal Law § 35.15 [2] [a] [i]; *People v Jones*, 3 NY3d 491, 496 [2004]; *People v McMoore*, 214 AD2d 893, 894 [1995], *lv denied* 86 NY2d 798 [1995], *cert denied* 516 US 1096 [1996]). Finally, the proposed testimony would not have been cumulative (*contra People v Soulia*, 263 AD2d at 873; *People v Wright*, 192 AD2d at 876).

We therefore conclude that it was an abuse of discretion to deny the adjournment. Certainly, last minute applications of this nature are not to be encouraged. We do not hold that merely claiming a sudden need for an unavailable witness on the eve of trial should be sufficient to obtain an adjournment without

regard to the "surrounding factual circumstances" (*People v Singleton*, 41 NY2d at 407). Under the circumstances presented, however, denial of the adjournment "not only deprive[d] the defendant of the fundamental right to present witnesses in [her] defense, but . . . in fact effectively deprive[d] [her] of the defense itself" (*People v Foy*, 32 NY2d at 478; *see People v Spears*, 64 NY2d at 700). A new trial is therefore required.

In view of this determination, we do not reach defendant's remaining contentions.

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Madison County for a new trial.