■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL R. KINNEY, Appellant. [888 NYS2d 260]—

McCarthy, J. Appeal from a judgment of the County Court of Cortland County (Ames, J.), rendered May 20, 2008, upon a verdict convicting defendant of the crime of driving while ability impaired and the traffic infractions of failure to comply with a lawful order of a police officer, consumption or possession of an alcoholic beverage in a motor vehicle and refusal of a chemical test.

Defendant contends that procedural errors at trial invalidate his convictions. We disagree and affirm. Defendant was convicted of, among other things, driving while ability impaired as a misdemeanor which requires two or more prior convictions for a violation of Vehicle and Traffic Law § 1192 within the preceding 10 years (*see* Vehicle and Traffic Law § 1192 [1]). Defendant's prior convictions were charged in a special information (*see* CPL 200.60 [2]). Statutory procedure requires that "[w]here a person previously has been convicted of a crime that raises an offense of lower grade to one of higher grade, an indictment for the higher grade offense shall be accompanied by a special information charging the defendant with the previous conviction and, upon arraignment on the special information, the defendant may admit or deny the previous conviction or remain mute" (*People v Brown*, 13 AD3d 667, 669 [2004], *lvs denied* 4 NY3d 742, 884 [2004]; *see* CPL 200.60). "The purpose

of CPL 200.60 is to give a defendant the opportunity to stipulate to a prior conviction to avoid the prejudicial impact of having the prior offense proven to the jury" (*People v Reynolds*, 283 AD2d 771, 772 [2001], *lv denied* 96 NY2d 866 [2001] [citation omitted]).

At a *Sandoval* hearing, defendant unequivocally indicated his intention to deny his prior convictions, requiring the People to establish them as an element of their proof, despite being advised by his attorney and by County Court of his right to stipulate to the convictions in order to avoid the potential prejudice that might result from having that evidence presented to the jury. At the commencement of trial, outside of the presence of the jury, defendant confirmed his intention to deny his prior convictions and indicated his understanding that evidence of those convictions would be presented to the jury. Contrary to defendant's contentions, we find that this procedure satisfied the statute (*see People v Cagle*, 158 AD2d 931, 931 [1990]); *compare People v Ward*, 57 AD3d 582, 583 [2008], *lv denied* 12 NY3d 789 [2009]; *People v Reid*, 232 AD2d 173, 174 [1996], *lv denied* 90 NY2d 862 [1997].

Nor did defendant suffer any prejudice as a result of County Court holding a hearing after both parties had rested, but before the case was submitted to the jury, to determine the admissibility of defendant's refusal to consent to a chemical test (*see* Vehicle and Traffic Law § 1194 [2] [f]). Defendant claims that the officer's telephonic testimony violated the Confrontation Clause of the Sixth Amendment to the US Constitution and deprived the court of the ability to assess the officer's credibility through observation of the witness's demeanor and body language. Defendant also claims that the procedure tainted the trial inasmuch as evidence of defendant's refusal was heard by the jury before a determination as to its admissibility was made. As to the Confrontation Clause argument, we note that defendant and his counsel were present during the telephonic testimony and were provided the opportunity to question the witness. Significantly, the telephonic testimony concerned only the language of the refusal warnings that the officer read to defendant to establish the admissibility of the evidence of defendant's refusal at trial and "did not bear on defendant's guilt or innocence" (*People v Frost*, 100 NY2d 129, 135 [2003]). As defendant did not contest the fact of his refusal or the language of the warnings, either at trial or at the evidentiary hearing, we discern no constitutional injury. As to the credibility issue, the officer had testified in person at trial the previous day, providing the court an opportunity to observe and assess his general credibility. Finally, we find no error in allow-

ing the testimony after the parties had rested as "reopening is permissible where the missing element is simple to prove and not seriously contested, and reopening the case does not unduly prejudice the defense" (*People v Whipple*, 97 NY2d 1, 3 [2001]).

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.