■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TINA ROBINSON, Appellant. [988 NYS2d 689]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered January 24, 2012, convicting her of endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent with CPL 160.50.

At trial, the People presented evidence that the defendant, who was charged with, inter alia, endangering the welfare of a child, had shaken her then six-month-old child despite the risk of injury this entailed. The investigating detective testified that, in her oral statement, the defendant stated that she did not realize that her conduct could hurt the child and, in her written statement, the defendant stated that she might have "rocked" the child too hard, but that she did not know that this might hurt the child.

At the close of the People's evidence, the defendant moved, inter alia, to dismiss the count of the indictment charging endangering the welfare of a child on the ground that the People failed to present legally sufficient evidence to establish the mens rea element of that crime, namely, that the defendant knowingly engaged in conduct which was likely to injure the child (*see* Penal Law § 260.10 [1]). The Supreme Court denied the defendant's motion.

After the defendant had presented her first witness, the People sought permission to present, inter alia, the testimony of the maternity ward nurse who had discharged the defendant from the hospital after she gave birth to the subject child. The nurse was expected to testify that, in the course of giving the defendant discharge instructions, she advised the defendant that shaking the baby could cause permanent injury and that the defendant expressed her understanding of the instructions. The Supreme Court reserved decision and, at the close of the defendant's case, granted the People's application over the defendant's objection. The nurse testified as expected, and the jury convicted the defendant of endangering the welfare of a child.

A court has the discretion to permit a party to present evidence in rebuttal, which, more properly, should have been presented in that party's original case (*see* CPL 260.30 [7]; *People v Harris*, 98 NY2d 452, 489 [2002]; *People v Whipple*, 97 NY2d 1, 6 [2001]; *People v Harris*, 57 NY2d 335, 345 [1982]; *People v Boyce*, 54 AD3d 1052, 1053 [2008]). The Court of Appeals has approved the exercise of this discretion where the evidence proffered relates to an element of the offense which is "simple to prove and not seriously contested, and reopening the case does not unduly prejudice the defense" (*People v Whipple*, 97 NY2d at 3; *see People v Kinney*, 66 AD3d 1238, 1240 [2009]).

Here, the missing element of the People's case was not a simple, uncontested fact, but, instead, was the mens rea of the subject offense (*cf. People v Whipple*, 97 NY2d at 7 [the missing element of the People's case, i.e., the number of spaces in the

parking lot, was simple to prove and uncontested]). Indeed, the People's own evidence established that the defendant denied knowing that her actions could result in injury to the child. Furthermore, the parties' expert witnesses " 'hotly contested' " (*id.*, quoting *People v Olsen*, 34 NY2d 349, 354 [1974]) whether shaking could cause the type of injuries at issue and, if so, how much force would be necessary to cause such injuries, and there was no evidence that the defendant knew of the point when rocking or shaking could become potentially injurious.

Because this case does not fit within "the narrow circumstances where . . . the missing element is simple to prove and not seriously contested, and reopening the case does not unduly prejudice the defense" (*People v Whipple*, 97 NY2d at 8), the Supreme Court improvidently exercised its discretion in granting the People's application to present the nurse's testimony in rebuttal. Without this testimony, the People's evidence was legally insufficient to establish the mens rea element of endangering the welfare of a child beyond a reasonable doubt (*see* Penal Law § 260.10 [1]).

In light of our determination, we need not address the defendant's remaining contentions. Dillon, J.P., Hall, Sgroi and Barros, JJ., concur.