*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 14, 2016                    106164
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

JAMEL A. BOOKER,
                        Appellant.
_____


Calendar Date:  June 3, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ.


_____


        Samuel D. Castellino, Big Flats, for appellant, and
appellant pro se.

        Gwen Wilkinson, District Attorney, Ithaca (Andrew J.
Bonavia of counsel), for respondent.


_____


Lahtinen, J.

        Appeal from a judgment of the County Court of Tompkins
County (Rossiter, J.), rendered June 28, 2013, upon a verdict
convicting defendant of the crimes of aggravated assault upon a
police officer or a peace officer, assault in the first degree,
criminal possession of stolen property in the fourth degree,
criminal possession of a weapon in the second degree (two
counts), criminal use of a firearm in the first degree and
tampering with physical evidence.

        Based on a report of a stolen vehicle, police attempted to
stop a car driven by defendant in the City of Ithaca, Tompkins
County at about 10:50 p.m. on October 11, 2012.  Defendant sped
away with the police in pursuit and, when the car finally

stopped, defendant jumped out and fled on foot into nearby woods. Two members of the Ithaca Police Department ran after defendant. One officer ordered defendant to the ground while holding his taser. From a distance of about seven feet, defendant fired a single shot from a handgun, which struck that officer in the chest, seriously injuring him. The next day, after being arrested, defendant was interviewed twice by the police and, during the second interview, he acknowledged shooting at the officer. He was indicted for numerous crimes including, among others, attempted murder in the first degree, aggravated assault upon a police officer or a peace officer, assault in the first degree and criminal use of a firearm in the first degree. The jury was unable to reach a verdict on the top count of attempted murder in the first degree, but it found defendant guilty of the remaining counts. County Court sentenced him to an aggregate prison term of 25 years with five years of postrelease supervision. Defendant appeals.

Defendant first argues that County Court erred in denying his request to adjourn the trial. "'The decision . . . whether to grant an adjournment is generally committed to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion'" (People v Jackson, 121 AD3d 1185, 1186 [2014], lv denied 25 NY3d 1202 [2015], quoting People v Ruffin, 56 AD3d 892, 893 [2008]). The trial court's discretion is "more narrowly construed where a defendant's fundamental rights are implicated" (People v Rodriguez, 6 AD3d 814, 816 [2004]; see People v Spears, 64 NY2d 698, 700 [1984]). When a defendant seeks an adjournment so that a potential witness can be produced, it is "incumbent upon [the] defendant to demonstrate, among other things, that the witness would furnish testimony that is both material and favorable to the defense" (People v Benson, 260 AD2d 864, 865 [1999], lvs denied 93 NY2d 966, 977 [1999]; see People v Hartman, 64 AD3d 1002, 1003 [2009], lv denied 13 NY3d 860 [2009]).

The request for an adjournment resulted from the fact that the gun used by defendant was not found for about two months, and the tests confirming that it was the relevant gun were not completed until March 2013. Defendant requested an adjournment of the April 2013 trial date in order to send the gun to

Massachusetts to be tested by his own expert.  County Court indicated that defendant's expert would be permitted to test the gun in this state prior to trial.  The court denied the adjournment request noting that, inasmuch as defendant had admitted shooting a gun at the officer and there was no theory of a second shooter, defendant had failed to otherwise adequately demonstrate that the testing and potential testimony of his expert was material to his case.  Under such circumstances, we are unpersuaded that County Court abused its discretion in denying defendant's request to adjourn the trial (see People v Benson, 260 AD2d at 865; People v Vredenburg, 200 AD2d 797, 798-799 [1994], lv denied 83 NY2d 859 [1994]; cf. People v Hartman, 64 AD3d at 1005-1006).

Defendant next contends that the jury verdict was repugnant.  He asserts that his convictions for aggravated assault upon a police officer or a peace officer and assault in the first degree should have been dismissed because the jury was unable to reach a verdict on the attempted murder charge and all three counts required proof of intent.  "By failing to object before the jury was discharged, defendant failed to preserve his argument that the verdict is repugnant" (People v McCottery, 90 AD3d 1323, 1326 [2011] [citations omitted], lv denied 19 NY3d 975 [2012]; see People v Rolfe, 83 AD3d 1217, 1218 [2011], lv denied 17 NY3d 809 [2011]).  In any event, viewing the elements of the crimes as charged to the jury (see People v Muhammad, 17 NY3d 532, 539 [2011]), the verdict is not repugnant in that the jury could have concluded that defendant intended to seriously injure — but not to kill — the police officer (see People v Samwell, 287 AD2d 663, 663 [2001], lv denied 97 NY2d 760 [2002]; People v Higdon, 162 AD2d 957, 958 [1990], lv denied 76 NY2d 893 [1990]).

County Court properly denied defendant's motion to suppress the statements he made in his second interview with police on the day he was arrested.  Defendant contends that, although he was properly administered Miranda warnings before the first interview, his statements in the second interview should have been suppressed because police failed to repeat the warnings before that interview.  "Where a person in police custody has been issued Miranda warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings

prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous" (People v Lowin, 36 AD3d 1153, 1154 [2007] [internal quotation marks, brackets and citations omitted], lv denied 9 NY3d 847 [2007]; see People v Carelli, 41 AD3d 1092, 1093 [2007]; People v Cody, 260 AD2d 718, 720 [1999], lv denied 93 NY2d 1002 [1999]). Shortly after 6:35 a.m. on October 12, 2012, defendant was read his Miranda rights, he indicated that he understood those rights and he affirmatively stated that he would speak to police without a lawyer. After the first interview, defendant remained in police custody and, at approximately 2:00 p.m. that same day, another officer – who had known defendant for many years – interviewed defendant. The officer did not reread Miranda warnings and, during that interview, defendant acknowledged to her that he had shot a handgun at the injured officer. Although there was a lapse of about 7½ hours between the Miranda warnings in the first interview and the start of the second interview, defendant remained in continuous custody and the record does not suggest that he was subjected to coercive tactics. Accordingly, County Court did not err in denying defendant's motion to suppress the second interview (see People v Manchester, 123 AD3d 1285, 1288 [2014], lv denied 26 NY3d 931 [2015]; People v Carelli, 41 AD3d at 1093; People v Gause, 38 AD3d 999, 1000 [2007], lv denied 9 NY3d 865 [2007]; People v Lee, 30 AD3d 760, 762 [2006], lv denied 7 NY3d 850 [2006]).

We find no merit in defendant's pro se argument that County Court erred in denying his request for a justification instruction. He contends that he feared for his life while being pursued by police, who allegedly yelled at him to stop or they would shoot. Even assuming that the officers shouted these commands at defendant, the record makes clear that defendant knew that he was being chased by police and he had the option of avoiding any harm by adhering to their direction to stop. There is no reasonable view of the evidence that he was justified in using deadly force against the police (see e.g. People v Ramirez, 118 AD3d 1108, 1112 [2014]; People v Taylor, 23 AD3d 693, 694 [2005], lv denied 6 NY3d 818 [2006]).

Finally, defendant urges that the sentence was excessive. We are unpersuaded. Although "this Court has broad, plenary

power to modify a sentence that it considers unduly harsh or severe, such is only done in extraordinary circumstances or where the trial court has abused its discretion" (People v Williams, 65 AD3d 1423, 1424 [2009]; see People v Rollins, 51 AD3d 1279, 1282 [2008], lvs denied 11 NY3d 922, 930 [2009]).  In light of the fact that defendant received less than the maximum possible aggregate sentence and given the nature of the crimes, as well as the severity of the victim's injuries, we perceive neither an abuse of discretion nor extraordinary circumstances warranting a modification of the sentence (see e.g. People v Parbhudial, 135 AD3d 978, 982 [2016], lv denied 27 NY3d 967 [2016]; People v Winchell, 129 AD3d 1309, 1313 [2015], lv denied 26 NY3d 973 [2015]; People v Chancey, 127 AD3d 1409, 1413 [2015], lv denied 25 NY3d 1199 [2015]).

Peters, P.J., Egan Jr., Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court