■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM KEENER, Appellant. [61 NYS3d 158]—

Peters, P.J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered February 19, 2015, upon a verdict convicting defendant of the crime of aggravated unlicensed operation of a motor vehicle in the first degree.

Defendant was charged with driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree following an incident in which he was stopped by a state trooper who had observed him driving in a dangerous manner on public highways in Ulster County. A jury thereafter acquitted defendant of driving while intoxicated, but convicted him of aggravated unlicensed operation of a motor vehicle in the first degree. County Court denied defendant's subsequent motion to set aside the verdict and sentenced him to a prison term of 1⅓ to 4 years. Defendant appeals, and we affirm.

Defendant contends that County Court's *Sandoval* ruling, which permitted the People to inquire about his 2011 conviction of criminal possession of a weapon in the fourth degree in the event that he chose to testify, constituted an abuse of

discretion. "Whether and to what extent prior convictions may be used on cross-examination of a defendant is a matter which rests in the sound discretion of the trial court after appropriately balancing the probative worth of the evidence as it relates to the defendant's credibility against the risk of unfair prejudice to the defendant" (*People v Iovino*, 149 AD3d 1350, 1353 [2017] [internal quotation marks, ellipsis, brackets and citation omitted]; *see People v Sandoval*, 34 NY2d 371, 375 [1974]; *People v Bateman*, 124 AD3d 983, 985 [2015], *lv denied* 25 NY3d 949 [2015]). Here, County Court properly determined that defendant's criminal possession of a weapon conviction, which was based on his possession of 11 rifles or shotguns after having previously been convicted of a felony, was probative as to defendant's credibility and willingness to place his own interests above those of society (*see People v Portis*, 129 AD3d 1300, 1303 [2015], *lv denied* 26 NY3d 1091 [2015]; *People v Morris*, 101 AD3d 1165, 1166 [2012], *lv denied* 20 NY3d 1102 [2013]). Moreover, to minimize any undue prejudice, County Court limited the scope of the People's inquiry by precluding any mention of the underlying facts. Inasmuch as the prior conviction was neither too remote in time nor similar to the charged crimes and County Court appropriately balanced the probative value of such conviction against the risk of prejudice to defendant, we perceive no abuse of discretion in County Court's *Sandoval* ruling (*see People v Cooley*, 149 AD3d 1268, 1270-1271 [2017]; *People v Mould*, 143 AD3d 1186, 1188 [2016], *lv denied* 28 NY3d 1187 [2017]; *People v Victor*, 139 AD3d 1102, 1110 [2016], *lv denied* 28 NY3d 1076 [2016]).

Defendant's challenge to the legal sufficiency of the evidence supporting his conviction for aggravated unlicensed operation of a motor vehicle in the first degree is unpreserved for appellate review, as he failed to move to dismiss that count of the indictment at the close of the People's proof (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Keener*, 138 AD3d 1162, 1162-1163 [2016], *lv denied* 27 NY3d 1134 [2016]; *People v Davis*, 133 AD3d 911, 912 [2015]). Were the issue before us, we would find that the evidence was legally sufficient to establish each element of the crime beyond a reasonable doubt (*see* Vehicle and Traffic Law § 511 [1] [a]; [2] [a] [ii]; [3] [a] [i]; *see generally People v Danielson*, 9 NY3d 342, 349 [2007]).

Defendant also asserts that the jury's verdict convicting him of aggravated unlicensed operation of a motor vehicle in the first degree is repugnant to his acquittal on the charge of driving while intoxicated. Having failed to object on this ground before the jury was discharged, defendant failed to preserve

such claim for our review (*see People v Booker*, 141 AD3d 834, 835-836 [2016], *lv denied* 28 NY3d 1026 [2016]; *People v Rodwell*, 122 AD3d 1065, 1068 [2014], *lv denied* 25 NY3d 1170 [2015]; *People v Dale*, 115 AD3d 1002, 1006 [2014]). In any event, defendant's contention lacks merit. County Court instructed the jury that, to convict defendant of driving while intoxicated, it must find that he operated a motor vehicle while "in an intoxicated condition" and that, to convict defendant of aggravated unlicensed operation of a motor vehicle in the first degree, it must find that he operated a motor vehicle while "his ability to [do so] was impaired by the consumption of alcohol." County Court properly distinguished between intoxication and impairment by instructing the jury that a person is in an intoxicated condition when such person "is incapable to a substantial extent of employing the physical and mental abilities which he [or she] is expected to possess in order to operate a vehicle as a reasonable and prudent driver" and that, by contrast, a person is impaired when his or her capability in that respect has been diminished to any extent (*see People v Cruz*, 48 NY2d 419, 427-428 [1979], *appeal dismissed* 446 US 901 [1980]). Viewing the elements of the crimes as charged to the jury, we would find that the verdict is not repugnant since the jury could have concluded that defendant was impaired by alcohol but was not intoxicated at the time of the crime (*see People v Booker*, 141 AD3d at 836; *People v Fancher*, 116 AD3d 1084, 1087-1088 [2014]; *People v Mercado*, 113 AD3d 930, 933-934 [2014], *lv denied* 23 NY3d 1040 [2014]).

Finally, we reject defendant's contention that he was denied the effective assistance of counsel. Defendant faults counsel for failing to object when the People and County Court referenced the statutory name of aggravated unlicensed operation of a motor vehicle in the first degree, claiming that such omission by counsel resulted in the disclosure of prejudicial evidence that his license was suspended at the time of the crime in violation of CPL 200.60. The purpose of CPL 200.60 is to provide a defendant with the opportunity to stipulate to prior convictions or conviction-related facts that constitute an element of the crime charged in order to "avoid the prejudicial impact of having the prior offense proven to the jury" (*People v Kinney*, 66 AD3d 1238, 1239 [2009] [internal quotation marks and citation omitted]; *see People v Cooper*, 78 NY2d 476, 480-483 [1991]). Here, the mere passing reference to the word "unlicensed," while potentially suggesting to the jury that defendant's license was suspended, did not necessarily imply that defendant had committed a prior driving-related offense, especially given that no evidence of a prior conviction was admitted

at trial (*see People v Hamm*, 254 AD2d 535, 536 [1998], *lv denied* 92 NY2d 982 [1998]; *People v Woodrow*, 212 AD2d 834, 835 [1995], *lv denied* 85 NY2d 982 [1995]). Thus, counsel was not ineffective for failing to object to the reference to the term "unlicensed." Viewed in its entirety, the record reflects that counsel pursued a rational trial strategy, vigorously cross-examined the People's witnesses, presented cogent opening and closing statements, secured an acquittal on one of the charges and otherwise provided defendant with meaningful representation (*see People v Henry*, 129 AD3d 1334, 1337 [2015], *lv denied* 26 NY3d 930 [2015]; *People v Roach*, 119 AD3d 1070, 1072-1073 [2014], *lv denied* 24 NY3d 1221 [2015]). Defendant's remaining contentions, to the extent not specifically addressed herein, have been examined and found to be lacking in merit.

Rose, Mulvey, Aarons and Pritzker, JJ., concur. Ordered that the judgment is affirmed.