People v Crosby (2023 NY Slip Op 02199)

People v Crosby

2023 NY Slip Op 02199

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CURRAN, BANNISTER, AND OGDEN, JJ.

46 KA 19-00703

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN CROSBY, DEFENDANT-APPELLANT. 

BRADLEY E. KEEM, SYRACUSE, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered June 20, 2018. The appeal was held by this Court by order entered June 17, 2021, decision was reserved and the matter was remitted to Oneida County Court for further proceedings (195 AD3d 1573 [4th Dept 2021]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [7]). We previously held this case, reserved decision, and remitted the matter to County Court to state for the record its reasons for denying defendant's pro se motion to dismiss the indictment on the ground that he was not afforded an opportunity to testify before the grand jury pursuant to CPL 190.50 (5) (a) (People v Crosby, 195 AD3d 1573, 1573 [4th Dept 2021]). Upon remittal, the court denied the motion on the ground that it was untimely. We now affirm.
Defendant contends that the court erred in denying his motion to dismiss the indictment because the People violated his right to testify before the grand jury (see generally CPL 190.50 [5] [a]). We conclude, however, that defendant waived that contention inasmuch as it is undisputed that he did not move to dismiss the indictment "on that ground within five days after he was arraigned" (People v Linder, 170 AD3d 1555, 1557 [4th Dept 2019], lv denied 33 NY3d 1071 [2019] [internal quotation marks omitted]; see CPL 190.50 [5] [c]; People v McCoy, 174 AD3d 1379, 1380 [4th Dept 2019], lv denied 34 NY3d 982 [2019], reconsideration denied 35 NY3d 994 [2020]).
Defendant's contentions that the court did not comply with the procedure outlined by CPL 200.60 and that he was coerced into entering a pretrial stipulation admitting to the confinement element of assault in the second degree (see Penal Law § 120.05 [7]) are unpreserved for our review (see People v Castillo, 151 AD3d 1802, 1803 [4th Dept 2017], lv denied 30 NY3d 978 [2017]; People v Diaz, 39 AD3d 1244, 1245 [4th Dept 2007], lv denied 9 NY3d 842 [2007]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant's contention that he was deprived of his right to a fair trial when the court informed the jury that defendant was in custody and that correction officers would be near him throughout trial is without merit. The court instructed the jury that it should "draw no unfavorable inference from the fact that defendant was in custody and unable to make bail," and the jury is presumed to have followed that instruction (People v Wilkins, 175 AD3d 867, 869 [4th Dept 2019], affd 37 NY3d 371 [2021] [internal quotation marks omitted]; see People v Pressley, 156 AD3d 1384, 1384 [4th Dept 2017], amended on rearg 159 AD3d 1619 [4th Dept 2018], lv dismissed 31 NY3d 1085 [2018]; see also People v Konovalchuk, 148 AD3d 1514, 1516 [4th Dept 2017], lv denied 29 NY3d 1082 [2017]). We also reject defendant's contention that the court's instruction was rendered unduly prejudicial by the fact that he was shackled throughout [*2]trial; the court stated on the record that the shackles were at all times covered and could not be seen by the jury (see generally People v Cruz, 17 NY3d 941, 944-945 [2011]; People v Alexander, 127 AD3d 1429, 1432 [3d Dept 2015], lv denied 25 NY3d 1197 [2015]).
Finally, we reject defendant's contention that he was denied effective assistance of counsel. With respect to defendant's claim that defense counsel was ineffective in failing to object to the People's alleged noncompliance with CPL 200.60, we conclude that defendant failed to "demonstrate the absence of strategic or other legitimate explanations" for defense counsel's decision (People v Rivera, 71 NY2d 705, 709 [1988]). Instead of objecting, defense counsel agreed to a stipulation that had the same practical effect as following the procedure in CPL 200.60 in that it prevented the jury from learning that defendant was being detained due to pending charges. Consequently, the record reflects that defense counsel "pursued a rational trial strategy . . . and . . . provided defendant with meaningful representation" (People v Keener, 152 AD3d 1073, 1076 [3d Dept 2017]; see generally People v Baldi, 54 NY2d 137, 147 [1981]). With respect to defendant's claim of ineffective assistance based on defense counsel's alleged attempt to bribe defendant by giving him money for his prison commissary account, we note that, even assuming, arguendo, that defense counsel violated his ethical obligations when he gave defendant money (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.8 [e]), "not every violation of an ethical rule will constitute ineffective assistance of counsel" (People v Grimes, 32 NY3d 302, 318 [2018] [internal quotation marks omitted]; see People v Berroa, 99 NY2d 134, 140 [2002]). Here, we conclude that defendant failed to establish that defense counsel's allegedly unethical behavior negatively impacted his defense at trial or even that defense counsel's action was, in fact, intended to be a bribe. Viewed in its entirety, the record reflects that "counsel pursued a rational trial strategy, vigorously cross-examined the People's witnesses, presented cogent opening and closing statements, secured an acquittal on one of the charges and otherwise provided defendant with meaningful representation" (Keener, 152 AD3d at 1076; see generally People v Benevento, 91 NY2d 708, 713-715 [1998]).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court