People v Cooper (2025 NY Slip Op 00576)

People v Cooper

2025 NY Slip Op 00576

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

892 KA 22-01370

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARC A. COOPER, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Kristina Karle, J.), rendered December 22, 2021. The judgment convicted defendant upon a jury verdict of robbery in the second degree, robbery in the first degree, kidnapping in the second degree, grand larceny in the fourth degree and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]), robbery in the second degree (§ 160.10 [3]), kidnapping in the second degree (§ 135.20), grand larceny in the fourth degree (§ 155.30 [8]), and petit larceny (§ 155.25). We conclude that the evidence is legally sufficient to support the conviction and, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although defendant contends that the testimony of the victim was incredible as a matter of law, we note that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (People v Delacruz, 193 AD3d 1340, 1341 [4th Dept 2021], lv denied 38 NY3d 926 [2022] [internal quotation marks omitted]), and we see no reason to disturb the jury's resolution of those issues.
We reject defendant's contention that County Court erred in denying his motion for a trial order of dismissal with respect to the kidnapping charge on the ground that it violates the merger doctrine. That doctrine prohibits a conviction for kidnapping based upon acts that fall within the definition of that crime but are merely incidental to another crime (see generally People v Gonzalez, 80 NY2d 146, 151-152 [1992]; People v Cassidy, 40 NY2d 763, 767 [1976]). Here, there was no merger of the kidnapping of the victim with the robberies or larcenies relating to the victim inasmuch as the kidnapping "was not a minimal intrusion necessary and integral to another crime, nor was it simultaneous and inseparable from another crime"; rather, it constituted "a crime in itself" (Gonzalez, 80 NY2d at 153; see People v O'Connor, 21 AD3d 1364, 1365 [4th Dept 2005], lv denied 6 NY3d 757 [2005]). Defendant's actions in kidnapping the victim constituted a separate and distinct offense in that defendant bound the victim in her residence for a period of time prior to forcing her into her own vehicle and her confinement was continued even after the robberies and larcenies were completed.
We further reject defendant's contention that the court erred, when determining that defendant should be handcuffed and shackled during trial, in relying on statements by the prosecutor and failing to conduct a hearing. "A defendant has the right to be free of visible shackles [during trial], unless there has been a case-specific, on-the-record finding of necessity" (People v Clyde, 18 NY3d 145, 153 [2011], cert denied 566 US 944 [2012]; see Deck v Missouri, 544 US 622, 624, 628-629 [2005]; People v Sanders, 39 NY3d 216, 220 [2023]). Even [*2]assuming, arguendo, that the court was required to articulate a reasonable basis on the record justifying the use of handcuffs and shackles, even though they were neither visible nor otherwise apparent to the jury (see generally People v Crosby, 215 AD3d 1225, 1226 [4th Dept 2023], lv denied 40 NY3d 933 [2023]; People v Alexander, 127 AD3d 1429, 1432 [3d Dept 2015], lv denied 25 NY3d 1197 [2015]), the colloquy among the court, prosecutor, defense counsel, and defendant sufficed to provide an informed basis for the court's determination and a hearing was not required (see generally People v Buchanan, 13 NY3d 1, 4 [2009]; People v Barnes, 139 AD3d 1371, 1373 [4th Dept 2016], lv denied 28 NY3d 926 [2016]).
We reject defendant's contention that his sentence is unduly harsh and severe. We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court