People v Everson

2026 NY Slip Op 02507

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

GEORGE EVERSON, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

102 KA 22-01359

Present: Bannister, J.P., Montour, Smith, Nowak, And Delconte, JJ.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered July 15, 2022. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). Defendant pleaded guilty mid-trial, after the People had presented the testimony of several witnesses.

Contrary to defendant's contention, we conclude that he validly waived his right to appeal (see People v Johnson, 229 AD3d 1300, 1301 [4th Dept 2024], lv denied 42 NY3d 1020 [2024]). Defendant's valid waiver of the right to appeal precludes our review of his contention that he was denied his statutory right to a speedy trial (see People v Rouse, 244 AD3d 1783, 1783 [4th Dept 2025]; People v Kelly, 231 AD3d 1515, 1516 [4th Dept 2024], lv denied 43 NY3d 931 [2025]; cf. People v Banks, 240 AD3d 1307, 1308 [4th Dept 2025]) as well as his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]).

Defendant contends that his guilty plea was not knowingly, intelligently, and voluntarily entered. Although defendant's challenge to the voluntariness of the plea survives the valid waiver of the right to appeal, it is not preserved for our review because defendant "did not move to withdraw the plea or to vacate the judgment of conviction" (People v Lacey, 225 AD3d 1276, 1276 [4th Dept 2024], lv denied 41 NY3d 1003 [2024]). Defendant's challenge does not fall within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]).

To the extent that defendant contends that he received inadequate notice of the grand jury proceedings, that contention was forfeited by his guilty plea (see People v Vanvleet, 126 AD3d 1359, 1360 [4th Dept 2015], lv denied 26 NY3d 1012 [2015]). Further, defendant waived that contention inasmuch as he "did not move to dismiss the indictment on that ground within five days after he was arraigned" (People v Crosby, 215 AD3d 1225, 1226 [4th Dept 2023], lv denied 40 NY3d 933 [2023] [internal quotation marks omitted]; see CPL 190.50 [5] [c]; People v Linder, 170 AD3d 1555, 1557 [4th Dept 2019], lv denied 33 NY3d 1071 [2019]).

By pleading guilty, defendant forfeited his contention that County Court erred in denying his motion for a mistrial (see People v Adams, 201 AD3d 1311, 1312 [4th Dept 2022], lv denied 38 NY3d 1007 [2022]). To the extent that defendant's contention that he was denied effective assistance of counsel survives his plea and valid waiver of the right to appeal, that contention involves matters outside the record on appeal and therefore must be raised by way of a motion pursuant to CPL article 440 (see People v Rausch, 126 AD3d 1535, 1535-1536 [4th Dept 2015], [*2]lv denied 26 NY3d 1149 [2016]). Defendant also contends that the court erred in failing to provide substitute counsel at sentencing. To the extent that defendant's contention survives the plea and valid waiver of the right to appeal (see People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012]), we conclude that it lacks merit inasmuch as defendant's "nonspecific complaint [about] defense counsel [at sentencing] did not constitute a request for substitution of counsel and thus did not trigger the need for an inquiry into whether good cause existed for substitution" (People v Matthews, 142 AD3d 1354, 1355 [4th Dept 2016], lv denied 28 NY3d 1125 [2016]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court