■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY VREDENBURG, Appellant. [606 NYS2d 453] —Mercure, J.

Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered October 21, 1992, upon a verdict convicting defendant of the crimes of sodomy in the first degree (two counts), endangering the welfare of a child (two counts) and rape in the first degree.

Defendant was charged with a number of offenses arising out of incidents involving his eight-year-old stepdaughter and her 10-year-old friend. Following a jury trial, defendant was convicted of rape in the first degree, two counts of sodomy in the first degree and two counts of endangering the welfare of a child. Defendant was sentenced as a second felony offender to consecutive prison terms of 12½ to 25 years for the sodomy and rape convictions and one-year terms for the convictions of endangering the welfare of a child. Defendant appeals.

Initially, defendant claims that County Court abused its discretion by closing the courtroom during the testimony of his stepdaughter. Defendant argues that the child's mother, who is also defendant's third wife, should have been permitted to remain in the courtroom when she testified. We disagree. In the present case, "where the charges involved sordid, demeaning acts and required embarrassing testimony" *(People v Pasko,* 115 AD2d 114, 115, *lv denied* 67 NY2d 887), and where County Court closed the courtroom only for the purpose of taking the testimony of one of the victims, there was no abuse of discretion *(see,* Judiciary Law § 4; *People v Glover,* 60 NY2d 783, 785, *cert denied* 466 US 975; *People v Joseph,* 59 NY2d 496, 498-499).

Next, defendant's assertion that Kathleen Braico's medical report was improperly admitted into evidence is not preserved for our review (CPL 470.05 [2]) and is meritless in any event. To the extent that the history portion of the medical record relates to acts or occurrences not relevant to diagnosis or treatment, and thus constitutes improper bolstering *(see, Williams v Alexander,* 309 NY 283, 287; Richardson, Evidence § 302, at 277 [Prince 10th ed]), the error is harmless under the circumstances of this case *(see, People v Johnson,* 57 NY2d 969, 970; *People v Crimmins,* 36 NY2d 230, 242). There is no significant probability that defendant would not have been convicted without the admission of this evidence, which was merely cumulative of other properly admitted evidence *(see, supra; People v Barnes,* 144 AD2d 995, *lv denied* 73 NY2d 889).

Similarly unavailing is defendant's claim that County Court erred in denying his request for an adjournment for the purpose of producing Robert Stewart as a defense witness.

Defendant failed to establish that he made a diligent effort to secure Stewart, and defendant's assertion that Stewart's testimony would be material and favorable to the defense is supported by nothing more than the conclusory allegations of his attorney. Under these circumstances, it cannot be said that County Court improvidently exercised its discretion in denying the requested adjournment *(see, Matter of Anthony M., 63 NY2d 270, 284; People v Singleton, 41 NY2d 402, 405).* Finally, in light of defendant's criminal history, which includes several sexual offenses, and the gravity of the crimes committed, we find no basis to disturb the sentence imposed by County Court *(see, People v Stekeur, 136 AD2d 865).*

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.