■ In the Matter of ANTHONY CASSINO, Petitioner, v BERNARD B. KERIK, as Police Commissioner of the City of New York, Respondent. [752 NYS2d 862] —Determination of respondent Police Commissioner, dated January 9, 2001, dismissing petitioner from his position as a New York City police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Eileen Bransten, J.], entered September 4, 2001) dismissed, without costs.

Substantial evidence, including the testimony of complainant, supports respondent's finding that petitioner improperly touched a child less than 11 years old. While petitioner provided innocent explanations for the conduct at issue, it was the prerogative of the Deputy Commissioner, who saw and heard the witnesses, to reject his explanations as not credible (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444).

In *Matter of Kelly v Safir* (96 NY2d 32, 38), the Court of Appeals determined:

"Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law (*see, Matter of Featherstone v Franco*, 95 NY2d 550, 554; CPLR 7803 [3]). * * *

"In matters concerning police discipline, 'great leeway' must be accorded to the Commissioner's determinations concerning the appropriate punishment, for it is the Commissioner, not the courts, who 'is accountable to the public for the integrity of the Department' (*Matter of Berenhaus v Ward*, 70 NY2d 436, 445; *see also, Trotta v Ward*, 77 NY2d 827, 828)."

Since we are required to accept this finding, we cannot then say that the penalty of dismissal shocks our sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32, 38). Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.