■ In the Matter of PETER CIOLLO, Petitioner, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York and Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [46 NYS3d 886]—

Determination of respondents, dated November 26, 2014, terminating petitioner's position as a police officer with respondent New York City Police Department (NYPD), unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Margaret A. Chan, J.], entered October 5, 2015), dismissed, without costs.

The Deputy Commissioner's findings of misconduct, sexual and otherwise, were supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). The Deputy Commissioner, while pointing out the victim's credibility issues, found that a preponderance of the credible evidence—namely, the forensic computer records, text messages, controlled calls, and petitioner's own statements upon his arrest—supported the minor victim's version of the events. Further, the investigating officer's testimony and the Deputy Commissioner's finding that petitioner did not satisfy his duty to provide his commanding officer with his current address, are entitled to deference (*see Matter of Tommy & Tina, Inc. v Department of Consumer Affairs of City of N.Y.*, 95 AD2d 724, 724 [1st Dept 1983], *affd* 62 NY2d 671 [1984]).

Given the sensitive nature of the case and the victim's desire not to testify in front of her mother, the Deputy Commissioner providently exercised her discretion in closing the hearing to the public only during the victim's testimony (38 RCNY 15-04 [g]; *see e.g. People v Vredenburg*, 200 AD2d 797, 798 [3d Dept 1994], *lv denied* 83 NY2d 859 [1994]).

The penalty of termination does not shock the judicial conscience, given the findings of petitioner's sexual misconduct with a minor (*see Matter of Tighe v Kelly*, 305 AD2d 274, 274 [1st Dept 2003], *lv denied* 100 NY2d 513 [2003]). Concur— Sweeny, J.P., Andrias, Manzanet-Daniels, Gische and Webber, JJ.