Matter of Melendez v O'Neill (2020 NY Slip Op 03283)





Matter of Melendez v O'Neill


2020 NY Slip Op 03283


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Friedman, J.P., Mazzarelli, Gesmer, Singh, González, JJ.


11640 100692/18

[*1] In re Richard Melendez, Petitioner-Appellant,
v
James P. O'Neill, etc., et al., Respondents-Respondents.


Law Office of Joseph F. Kilada, Garden City (Nicole Wertz Alloway of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Determination of respondents, dated February 1, 2018, which, after a hearing, found petitioner guilty of subjecting a fourteen-year-old girl to sexual contact and dismissed him from service within the New York City Police Department, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Carol R. Edmead, J.] entered November 20, 2018), dismissed, without costs.
Substantial evidence, including the detailed testimony of two camp counselors and two child abuse investigators, supports respondents' finding that petitioner improperly touched a child and endangered her welfare (300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; Matter of American Tel. & Tel. Co. v State Tax Commn., 61 NY2d 393, 400 [1984]). Although the child's statements were relayed to the court by the investigators' testimony, hearsay evidence is admissible in an administrative hearing, and may constitute substantial evidence for purposes of article 78 review (Matter of Aliberti v O'Connor, 231 AD2d 472, 473 [1st Dept 1996]).
While petitioner provided explanations for the conduct at issue, it was the prerogative of the hearing officer, who saw and heard the witnesses, to reject his explanations as not credible (Matter of Tighe v Kelly, 305 AD2d 274 [1st Dept 2003], lv denied 100 NY2d 513 [2003]; Matter of Cassino v Kerik, 301 AD2d 403 [1st Dept 2003], lv denied 100 NY2d 502 [2003]). Based on the detailed nature of their oral statements and written accounts, the hearing officer rationally rejected any claims that the written statements provided by the child and her mother were fabricated or coerced, as well their recantation, which occurred within months of petitioner's arrest.
Petitioner's contention that he was denied due process because he was unable to cross-examine the child and her therapist is not preserved for review since it was not raised during the administrative hearing, and, in any event, is unavailing as both individuals were called, yet declined to testify.
Based on the findings, the penalty of dismissal does not shock the conscience (see Matter of Ciollo v Bratton, 147 AD3d 662, 663 [1st Dept 2017]; Matter of Tighe, 305 AD2d at 274; Matter of Cassino, 301 AD2d at 403).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK