Matter of Benjamin v Department of Hous. Preserv. & Dev. of the City of N.Y. (2020 NY Slip Op 05446)





Matter of Benjamin v Department of Hous. Preserv. & Dev. of the City of N.Y.


2020 NY Slip Op 05446


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Friedman, J.P., Webber, Kern, Moulton, JJ. 


Index No. 159615/17 Appeal No. 11957N Case No. 2019-4741 

[*1]In re Cheryl Benjamin, Petitioner-Appellant,
v
Department of Housing Preservation and Development of the City of New York, Respondent-Respondent, Esplanade Gardens, Inc., Respondent.


Charles H. Small, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.



Judgment, Supreme Court, New York County (John J. Kelley, J.), entered May 14, 2019, upon reargument, adhering to the original determination, which dismissed the petition to annul respondent New York City Department of Housing Preservation and Development's (HPD) denial of tenancy succession rights to petitioner, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner's request that her application for tenancy succession rights be remanded to HPD for further consideration is denied. Petitioner concedes that she did not proffer sufficient evidence before HPD to demonstrate the date on which her son vacated the subject apartment and that she resided with him in the apartment as a primary residence during the year preceding his vacating the apartment (see 28 RCNY 3-02[p][3]). Indeed, she proffered different move-out dates and conflicting evidence of her son's living arrangements (see Matter of Bien-Aime v Been, 171 AD3d 495 [1st Dept 2019], lv denied 34 NY3d 905 [2019]. Petitioner does not contest that HPD explained the required showing or that she had an opportunity to provide evidence. HPD was not authorized to review documents she submitted after it issued its final determination (28 RCNY 3-02[p][8][ii]; Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev., 48 AD3d 288 [1st Dept 2008]). The article 78 court also correctly declined to consider those documents, and others submitted for the first time with the petition, as judicial review is limited to the facts and record adduced before the agency (Belok v New York City Dept. of Hous. Preserv. & Dev., 89 AD3d 579, 580 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020