Matter of Vitale v Caban (2025 NY Slip Op 03267)

Matter of Vitale v Caban

2025 NY Slip Op 03267

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Moulton, J.P., Friedman, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 154639/24|Appeal No. 4457|Case No. 2024-06900|

[*1]In the Matter of Joseph Vitale, Petitioner,
v
Edward A. Caban, etc., et al., Respondents.

Worth, London & Martinez, LLP, New York (Stuart Gold of counsel), for petitioner.
Muriel Goode-Trufant, Corporation Counsel, New York (Amanda Abata of counsel), for respondents.

Determination of respondent Police Commissioner, dated February 1, 2024, which approved the finding of the Assistant Deputy Commissioner of Trials that petitioner police officer was guilty of misconduct, and imposed the recommended penalty of forfeiture of 20 vacation days, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Lyle E. Frank, J.], entered November 7, 2024) dismissed, without costs.
Substantial evidence supports the finding that petitioner was guilty of using an offensive slur against the complainants (see Matter of Edwards v Safir, 282 AD2d 287, 287 [1st Dept 2001]). The Assistant Deputy Commissioner of Trials credited the complainants' statements to the Civilian Complaint Review Board, which were consistent with each other. Such findings are largely unreviewable by this Court (see Lackow v Department of Educ. [or "Board"] of City of N.Y., 51 AD3d 563, 568 [1st Dept 2008]) and this Court may not "substitute[] its credibility determinations for those of the Police Commissioner" (Matter of Rodriguez-Rivera v Kelly, 2 NY3d 776, 777 [2004]). Moreover, the Assistant Deputy Commissioner of Trials did not err in relying on the complainants' hearsay statements. "[H]earsay evidence is admissible in an administrative hearing, and may constitute substantial evidence for purposes of article 78 review" (Matter of Melendez v O'Neill, 184 AD3d 457, 457 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025