Matter of Hossain v City of New York (2025 NY Slip Op 03251)

Matter of Hossain v City of New York

2025 NY Slip Op 03251

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Kern, J.P., Kennedy, Kapnick, Gesmer, Shulman, JJ. 

Index No. 155475/23|Appeal No. 4479 M-2025-01634|Case No. 2024-03973|

[*1]In the Matter of Atik Hossain, Petitioner,
v
The City of New York, et al., Respondents.

Law Office of Jack Jaskaran, PLLC, New York (Jack Jaskaran of counsel), for petitioner.
Muriel Goode-Trufant, Corporation Counsel, New York (Devin Slack of counsel), for municipal respondent.

Determination of respondent Police Commissioner, dated February 16, 2023, which, after a hearing, terminated petitioner's employment with the New York City Police Department, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Lyle E. Frank, J.], entered on or about March 5, 2024), unanimously dismissed, without costs.
Substantial evidence supports the finding that petitioner is guilty of four disciplinary charges against him, including that he struck his wife, brandished a pistol at her, threatened her and his minor son, and failed to report his arrest to the NYPD's Operations Unit. The Hearing Officer's determinations that hearsay statements of petitioner's wife and son were credible, that petitioner's testimony was not credible, and that the photograph introduced by NYPD was sufficiently authenticated, are "largely unreviewable" (Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]; see also Matter of Melendez v O'Neill, 184 AD3d 457, 457 [1st Dept 2020]; Matter of Pulliam v Robinson, 248 AD2d 239, 240 [1st Dept 1998]).
Petitioner may not rely on a notification of disposition from the NYPD Transit Bureau's internal investigation, submitted for the first time with his petition, because "judicial review is limited to the facts and record adduced before the agency" (Matter of Benjamin v Department of Housing Preserv. & Devel. of City of N.Y., 187 AD3d 433, 434 [1st Dept 2020]).
We do not have the discretionary authority to review petitioner's unpreserved challenges to the admission of sealed arrest records at the hearing, the NYPD's reliance on Civil Service Law § 75, or the Hearing Officer's representation of the evidence (Matter of Marks v City of New York, 234 AD3d 412, 413 [1st Dept 2025]; see also Matter of Almanzar v New York City Civil Serv. Commn., 166 AD3d 522, 524 [1st Dept 2018]).
The penalty of termination does not shock one's sense of fairness in light of petitioner's egregious conduct (see e.g. Matter of Marks, 234 AD3d at 413; Matter of Castillo v Shea, 226 AD3d 531, 531-532 [1st Dept 2024], lv dismissed 42 NY3d 1071 [2025]).
We have considered petitioner's remaining arguments and find them unavailing.
M-2025-01634 Matter of Atik Hossain v City of New York, et al.
Motion to unseal respondents' brief granted. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025