Matter of Smith v Caban (2025 NY Slip Op 07118)

Matter of Smith v Caban

2025 NY Slip Op 07118

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Higgitt, JJ. 

Index No. 150554/24|Appeal No. 5400|Case No. 2024-06496|

[*1]In the Matter of Gregory Smith, Petitioner,
vEdward A. Caban etc., et al., Respondents.

Kousoulas & Associates, P.C., New York (Antonia Kousoulas of counsel), for petitioner.
Muriel Goode-Trufant, Corporation Counsel, New York (Shane Magnetti of counsel), for respondents.

Determination of respondent Police Commissioner, dated September 28, 2023, which, after a hearing, terminated petitioner's employment with the New York City Police Department (NYPD), unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Lyle E. Frank, J.], entered on or about October 9, 2024), unanimously dismissed, without costs.
Substantial evidence supports the NYPD's finding that petitioner is guilty of two disciplinary charges against him, including engaging in an off-duty physical altercation with his then girlfriend and failing to report the incident. The Hearing Officer's determination that the hearsay statements of the complainant were credible, that petitioner's testimony was not credible, and that the photographic, audio, and video evidence corroborated the complainant's statements are "largely unreviewable" (Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]; see also Matter of Melendez v O'Neill, 184 AD3d 457, 457 [1st Dept 2020]). The dismissal of criminal charges arising from the altercation underlying this proceeding does not undermine the NYPD's determination that petitioner's conduct warranted professional discipline (see Matter of Joseph v Sewell, 227 AD3d 616, 617 [1st Dept 2024]). Petitioner's arguments concerning the preclusion of extrinsic evidence are unavailing because his position that the evidence corroborated his version of events is speculative.
We do not have the discretionary authority to review petitioner's unpreserved challenges to the admission of sealed arrest records at the hearing (Matter of Hossain v City of New York, 238 AD3d 671, 672 [1st Dept 2025]; Matter of Marks v City of New York, 234 AD3d 412, 413 [1st Dept 2025]).
The penalty of termination does not shock one's sense of fairness in light of petitioner's conduct and the aggravating factors found by the Hearing Officer (see e.g. id. at 413; Matter of Castillo v Shea, 226 AD3d 531, 531-532 [1st Dept 2024], lv dismissed 42 NY3d 1071 [2025]).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025